# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

Brandy Brewer, ) No. CV-1:16-1091-SMM
)
    Plaintiff, )
)
v. ) **ORDER**
)
Leprino Foods Company, Inc., )
)
    Defendant. )
)

Pending before the Court is Plaintiff Brandy Brewer's ("Brewer") Ex Parte Application to Extend the Non-Expert Discovery Cut-Off Date. (Doc. 20.) Defendant Leprino Foods Company, Inc. ("Leprino Foods") opposes an extension of the non-expert discovery cut-off deadline. (Doc. 22.)

*Discussion*

Brewer states that she needs an extension of the non-expert discovery cut-off deadline in order to depose Supervisor Don Doyle, Manager Kes Anderson, and the following nonparty employees, Oscar Martinez, Edgar Vega, A.C. Chavez, Gabriel Cervantes, and Elmer Meade. (Doc. 20.) In support of good cause, Brewer states that Leprino Foods will not accept service of subpoenas on behalf of the nonparty employees and further that she is not allowed to serve subpoenas to the employees at their place of employment. Thus, she must now hire an investigator in order to locate and serve the subpoenas at the home addresses of the employees, which cannot be accomplished inside of the non-expert discovery cut-off deadline.

Leprino Foods initially submits that the parties have agreed to a deposition of Supervisor Don Doyle on May 19, 2017, in Roswell, New Mexico, where Mr. Doyle is now located. (Doc. 22 at 4.) However, Leprino Foods opposes any further extension of the non-expert discovery deadline. (Id.) According to Leprino Foods, good cause has not been established because Brewer waited until one month before expiration of the deadline to initiate the scheduling of depositions of the nonparty employee witnesses. (Id.) When Brewer asked defense counsel to accept service, counsel advised that it was not authorized to accept subpoenas for nonparty witnesses. (Id. at 8.) In addition, regardless of the nature of the subpoena, Leprino Foods states that it does not accept subpoenas at the production facility for any individual employee. (Id.) Regarding Manager Kes Anderson, Leprino Foods states that it opposes his deposition as it was noticed only 10 days prior to expiration of the non-expert discovery deadline. (Id.)

Alternatively, Leprino Foods requests that if the Court extends the non-expert discovery deadline, that it be done not for all purposes but to accommodate only (1) the nonparty employee witness depositions for which Brewer served subpoenas prior to the April 14, 2017 non-expert discovery cut-off; and (2) the deposition of out-of-state defense witness Don Doyle. (Id. at 5.)

At issue is whether Brewer's noncompliance with a Rule 16 case management deadline occurred due to development of matters which she could not have reasonably foreseen and whether she was diligent in seeking amendment of the Rule 16 Order once it became apparent that she could not comply with the Order. See Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

First, based on the parties' agreement, Supervisor Don Doyle may be deposed outside the non-expert discovery deadline. Next, based on all the facts and circumstances surrounding Brewer's attempts to subpoena the nonparty employee witnesses, the Court will exercise its discretion and find that Brewer is entitled to limited relief, and will be allowed additional time to subpoena and depose the listed nonparty witnesses. However, the Court does not find that Brewer is entitled to relief regarding her late notice regarding her proposed

1 | deposition of Manager Kes Anderson.

2 | Accordingly,

3 | **IT IS HEREBY ORDERED** granting in part and denying in part Plaintiff's Ex Parte Application to Extend the Non-Expert Discovery Cut-Off Date. (Doc. 20.)

5 | **IT IS FURTHER ORDERED** granting Plaintiff limited relief from the Non-Expert Discovery Cut-Off Date, as follows: (1) By **Friday, May 19, 2017,** Plaintiff shall depose Supervisor Don Doyle, in Roswell, New Mexico; (2) By **Friday, June 30, 2017**, Plaintiff shall locate, subpoena, and conduct a maximum 4-hour deposition of the following nonparty employee witnesses, Oscar Martinez, Edgar Vega, A.C. Chavez, Gabriel Cervantes, and Elmer Meade.

**IT IS FURTHER ORDERED** denying for all purposes extension of the Non-Expert Discovery Cut-Off Date; it remains closed as of April 14, 2017.

**IT IS FURTHER ORDERED** denying Plaintiff's Ex Parte Application to depose Manager Kes Anderson outside of the Non-Expert Discovery Cut-Off Date.

**IT IS FURTHER ORDERED** that due to the limited non-expert discovery relief granted to Plaintiff, initial expert witness disclosures shall now be served no later than **Friday, July 28, 2017.** Rebuttal expert witness disclosures shall be served no later than **Friday, August 11, 2017**. All expert discovery shall be completed no later than **Friday, September 22, 2017**. The Dispositive Pre-Trial Motion deadline is now **Friday, October 27, 2017.**

DATED this 26th day of April, 2017.

_____
Stephen M. McNamee
Senior United States District Judge