# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer, | No. CV-1:16-1091-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| Leprino Foods Company, Inc., | |
| Defendant. | |

Pending before the Court is Defendant Leprino Foods Company, Inc.'s Ex Parte Application to Re-Open Discovery for Limited Purposes, to Compel Discovery, and for Sanctions. (Doc. 25.) In support of re-opening discovery, Defendant alleges that Plaintiff has produced dozens of documents reflecting text message communications Plaintiff has had with Defendant's employees about this lawsuit, despite representing in her original discovery responses that she was not in possession of any such communications. (Id.) Defendant further contends that Plaintiff has withheld dozens of text message communications entirely, asserting privilege and relevance objections. (Id.)

Additionally, Defendant alleges that since the close of discovery, Plaintiff has produced many other responsive documents that it contends should have been produced during the fact discovery period. (Id.) Defendant alleges that Plaintiff has produced a copy of her handwritten journal that she kept regarding her daily work activities while she was employed by Defendant. (Id.) Defendant contends that Plaintiff produced the journal after expiration of the discovery deadline despite Plaintiff testifying at her deposition in February

2017 that she no longer had the journal in her possession. (Id.) Finally, Defendant contends that Plaintiff also produced undated social media postings and undated photographs of Defendant's confidential and proprietary processing equipment. (Id.)

Defendant requests that the Court reopen discovery and Order Plaintiff to: (1) produce a complete copy of all communications Plaintiff has had with Defendant's current and former employees in a reasonably usable form; (2) submit to discovery concerning Plaintiff's efforts to produce and preserve evidence during the course of this litigation, including her efforts to preserve electronic communications with Defendant's current and former employees; and (3) submit to an additional day of deposition, so that Defendant may question Plaintiff about the belatedly produced documents and her efforts to timely produce and preserve relevant evidence. Finally, Defendant seeks discovery sanctions with regard to any additional fact discovery that may be Ordered by the Court.

Pursuant to L.R. 144 and 230, Plaintiff shall respond to Defendant's Ex Parte Application to Re-Open Discovery for Limited Purposes, to Compel Discovery, and for Sanctions. (Doc. 25.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall respond to Defendant's Ex Parte Application to Re-Open Discovery for Limited Purposes, to Compel Discovery, and for Sanctions by **Friday, August 18, 2017.** There will be no reply.

**IT IS FURTHER ORDERED** setting a telephonic discovery dispute hearing for **Wednesday, September 6, 2017, at 2:00** in Courtroom 401, 401 West Washington Street, Phoenix, AZ before Senior Judge Stephen M. McNamee. The parties are directed to conference on one single, clear telephone line prior to calling Judge McNamee's chambers at 602-322-7555 five (5) minutes before the start of the proceeding.

DATED this 3rd day of August, 2017.

_____
Stephen M. McNamee
Senior United States District Judge