# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer, | No. CV 1:16-1091-SMM |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| Leprino Foods Co., Inc., et al., | |
| Defendants. | |

Pending before the Court is the parties', Plaintiff Brandy Brewer and Defendant Leprino Foods Co., Inc., Stipulation for Protective Order. (Doc. 29.) In support and pursuant to Local Rule 141(b)(1) and (c), the parties state that certain documents disclosed and produced by Plaintiff in response to Defendant's document production requests contain personal and private information about current employees, personal and private information about former employees, and personal and private information about members of the public that are subject to a constitutional right to privacy. (Id.) Further, the parties state their interest in protecting the confidential personal and private information of current and former employees, as well as the private and confidential information pertaining to members of the public, from unnecessary disclosure, and the parties' desire and the benefit to the Court of an orderly and expeditious resolution of this matter on its merits, outweigh any societal interest in disclosure of such materials on the public record. (Id.)

The Court finds that the good cause standard applies when parties seek to protect from public view certain documents obtained during discovery. For good cause to exist under

Federal Rule of Civil Procedure 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. G.M. Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (further citation omitted). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." San Jose Mercury News Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir. 1999).

The Court finds that the parties' have established good cause for entering this Stipulated Protective Order.

Accordingly,

**IT IS HEREBY ORDERED** granting the parties', Plaintiff Brandy Brewer and Defendant Leprino Foods Co., Inc., Stipulation for Protective Order. (Doc. 29.)

**IT IS FURTHER ORDERED** as follows:

1. The Protective Order shall govern the materials deemed to be "Confidential Information." Such information shall include the following:

   a. Any and all documents reflecting communications between Plaintiff and any current or former employee of Leprino containing personal and private information about current employees, personal and private information about former employees (other than Plaintiff), and personal and private information about members of the public that may be protected by a constitutional right to privacy.

2. Designation of Confidential Information produced shall be expressly identified as "Confidential." Each Party who designates in writing each of the documents that it considers confidential will stamp such documents in a manner so as not to impair the readability of the documents or any copies thereof.

3. Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for

purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients. The Parties, and their counsel, employees, and agents agree not to disclose any Protected Documents to any person, group, or entity, other than as set forth herein:

4. Qualified recipients of documents marked "CONFIDENTIAL" shall include only the following:

    a. The attorneys of record for each party to this action, the general counsel for Leprino Foods Company, Inc., and their staff, including associates, paralegals, secretaries, and support staff and the like;

    b. Representatives of any party to this litigation, provided that such representatives agree, in advance, to be bound by this Stipulated Protective Order, to use such Confidential Information solely within the confines and for the purposes of this litigation, and that they will not disclose such Confidential Information to any person or entity who is not entitled to receive such Confidential Information under this Stipulated Protective Order;

    c. Retained or non-retained experts and/or consultants, provided such experts or consultants agree, in advance, to be bound by this Stipulated Protective Order, to use such Confidential Information solely within the confines and for the purposes of this litigation, and that they will not disclose such Confidential Information to any person or entity who is not entitled to receive such Confidential Information under this Stipulated Protective Order;

    d. Non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another Party. Said non-expert witnesses shall be permitted to review the Confidential Information in the presence of

counsel, but shall not be given a copy of the documents to retain;

  e. Any and all witnesses presented such Confidential Information during the taking of testimony in deposition and/or during trial;

  f. Certified Shorthand Reporters, i.e., "court reporters" who are provided with any designated Confidential Information as an exhibit or otherwise during the taking of testimony at a hearing, deposition and/or trial.

5. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.

6. If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information that the information should not be so deemed, and the parties shall attempt to first dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

7. Subject to the Federal Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or in support of any pre-trial motion, including discovery and dispositive motions, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as Confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information.

8. Nothing in this Order shall be construed as an admission as to the relevance,

authenticity, foundation or admissibility of any document, material, transcript, or other information.

9. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

10. Once executed by all parties, the Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

11. Unless otherwise agreed to in writing, promptly after the conclusion of this action, but in no event later than one year after the entry of final judgment in this action, each party shall assemble and return all designated material, including all copies thereof, to the party who designated the material as Confidential Information and certify in writing that all such material has been returned or destroyed. Upon request, the Parties agree to provide a copy of specifically-requested Confidential Information previously returned to the originating Party, as applicable, should a Party seek relief from a final judgment or Order. These documents shall be promptly returned to counsel for the Party that originally produced the Confidential Information at the conclusion of such proceeding.

DATED this 28th day of September, 2017.

_____
Stephen M. McNamee
Senior United States District Judge