# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer,<br><br>        Plaintiff,<br><br>v.<br><br>Leprino Foods Company, Inc.,<br><br>        Defendant. | No. CV-1:16-1091-SMM<br><br>**ORDER SETTING FINAL PRETRIAL CONFERENCE** |

    The deadline for the parties to file dispositive motions has passed. This matter has been set for a ten (10) day jury trial beginning on **Monday, April 1, 2019.** A Final Pretrial Conference is scheduled as follows.

    **IT IS HEREBY ORDERED** setting a telephonic Final Pretrial Conference on **Wednesday, February 6, 2019 at 2:00 p.m.** in Courtroom 401, on the fourth floor of the Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona, 85003 before Senior Judge Stephen M. McNamee. The parties are directed to conference on one single, clear telephone line prior to calling Judge McNamee's chambers at 602-322-7555 five (5) minutes before the start of the proceeding. The attorneys who will be responsible for the trial of the case shall attend the telephonic Final Pretrial Conference. Counsel shall bring their calendars so that trial scheduling can be discussed.

    **IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the attorneys who will be responsible for the trial of the lawsuit shall prepare and sign a joint <u>Proposed Pretrial Order</u> and file it by **Friday, January 25, 2019.**

**IT IS FURTHER ORDERED** that the content of the Proposed Pretrial Order shall include, but not be limited to, that prescribed in the <u>Form of Pretrial Order</u> attached hereto. Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention as to each uncontested and contested issue. The parties shall also email the joint Proposed Pretrial Order to the Chambers mailbox at mcnamee_chambers@azd.uscourts.gov in either Word perfect or Word format.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 37(c) that the Court will not allow the parties to offer any exhibits, witnesses, or other information that were not previously disclosed in accordance with the provisions of this Order and/or the Federal Rules of Civil Procedure and/or not listed in the Proposed Pretrial Order, except for good cause. The parties shall inform the Courtroom Deputy Clerk of all exhibits that are stipulated into evidence and those that are not.

**IT IS FURTHER ORDERED** directing the parties to exchange drafts of the Proposed Pretrial Order **no later than seven (7) days before the submission deadline**. In addition, the parties shall exchange marked copies of all exhibits to be used at trial. While meeting to exchange exhibits, the parties shall eliminate any duplicate exhibits. The numbering of the exhibits as listed in the joint Proposed Pretrial Order shall correspond to the numbering of the exhibits at trial.

**IT IS FURTHER ORDERED** that the parties shall file and serve all motions in limine no later than **Friday, January 4, 2019.** Responses to motions in limine are due by **Friday, January 18, 2019**. The motions and responses must be concise and shall not exceed three (3) pages in length. No replies will be permitted. Each motion in limine shall include the legal basis supporting it and the proposed language for the order in limine being sought from the Court. Counsel shall be prepared to address the merits of all motions in limine at the telephonic Final Pretrial Conference.

**IT IS FURTHER ORDERED** directing the parties to complete the following tasks by the time of the filing of the Proposed Pretrial Order if they intend to try the case before a jury:

(1) The parties shall <u>jointly</u> file a short description of the case to be read to the jury.

(2) The parties shall <u>jointly</u> file a proposed set of voir dire questions. The voir dire questions shall be drafted in a neutral manner. To the extent possible, the parties shall stipulate to the proposed voir dire questions. If the parties have any disagreement about a particular question, the party or parties objecting shall state the reason for their objection below the question.

(3) The parties shall file a proposed set of <u>stipulated</u> jury instructions. The instructions shall be accompanied by citations to legal authority. If a party believes that a proposed instruction is a correct statement of the law, but the facts will not warrant the giving of the instructions, the party shall so state. The party who believes that the facts will not warrant the particular instruction shall provide an alternative instruction with appropriate citations to legal authority.

(4) Each party shall submit a proposed form of verdict to be given to the jury at the end of trial.

**IT IS FURTHER ORDERED** directing the parties to submit their proposed joint statement of the case, joint voir dire questions and stipulated jury instructions in .pdf format, and their proposed form of verdict in Word perfect or Word format to the Chambers mailbox, at mcnamee_chambers@azd.uscourts.gov.

**IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement.

**IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

Dated this 21st day of September, 2018.

Honorable Stephen M. McNamee
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer,<br><br>    Plaintiff,<br><br>v.<br><br>Leprino Foods Company, Inc.,<br><br>    Defendant. | No. CV-1:16-1091-SMM<br><br>**PROPOSED PRETRIAL FORM OF ORDER** |

Pursuant to the Scheduling Order, the following is the joint Proposed Pretrial Order to be considered at the telephonic Final Pretrial Conference set for **Wednesday, February 6, 2019 at 2:00 p.m.** before Judge McNamee.

**A. TRIAL COUNSEL FOR THE PARTIES.**

(Include mailing address, office phone, fax number, and email address).

Plaintiff(s):

Defendant(s):

**B. CONTENTIONS OF THE PARTIES.**

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Citation to relevant legal authority is required.

| | |
|---|---|
| 1 | (*e.g.,* To prevail on this products liability case, the plaintiff must prove the |
| 2 | following elements . . . .) |
| 3 | (*e.g.,* To defeat this products liability claim based on the statute of repose, |
| 4 | the defendant must prove the following elements . . . .) |
| 5 | **C. STIPULATIONS AND UNDISPUTED FACTS AND LAW.** |
| 6 | 1. The following facts are admitted by the parties and require no proof: |
| 7 | 2. The following facts, although not admitted, will not be contested at trial |
| 8 | by evidence to the contrary: |
| 9 | 3. The following issues of law are uncontested and stipulated to by the |
| 10 | parties: |
| 11 | **D. CONTESTED ISSUES OF FACT.** |
| 12 | The following are the issues of fact to be tried and decided: (Each issue of |
| 13 | fact must be stated separately and in specific terms. Each parties' contention |
| 14 | as to each issue must be set forth with respect to each and every issue of fact). |
| 15 | *E.g.,* Issue # 1: Whether Plaintiff used due care. |
| 16 | *Plaintiff Contends:* Plaintiff looked both ways before stepping into the |
| 17 | street… |
| 18 | *Defendant Contends:* Plaintiff was chasing a ball and darted out into the |
| 19 | street without looking… |
| 20 | **E. ISSUES OF LAW IN CONTROVERSY.** |
| 21 | List briefly any points of law (substantive, evidentiary, or procedural) |
| 22 | concerning the measure and kind of relief requested that is or may be |
| 23 | reasonably expected to be in controversy. |
| 24 | **F. LIST OF WITNESSES.** |
| 25 | Provide a separate list for each party of all witnesses whom the party will call |
| 26 | or may call in person or through deposition, except witnesses who may be |
| 27 | called only for impeachment or rebuttal.  A brief statement as to the |
| 28 | testimony of each witness must also be included. Additionally, the parties |

shall designate which witnesses (1) will be called at trial, (2) may be called at trial, and (3) are unlikely to be called at trial. If any additional witnesses come to the attention of counsel prior to the trial, a supplemental list and summary must be prepared and filed with the Court. This supplemental list must include the reason why the witness' name was not set forth in the Proposed Pretrial Order. If a witness will appear by deposition only, the party calling the witness will give notice of the pages to be read on the date the Proposed Pretrial Order is filed with the Court. (Do not include deposition pages in the Proposed Pretrial Order.)

**G. LIST OF EXHIBITS.**

1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

a. Plaintiff's Exhibits:

b. Defendant's Exhibits:

2. As to the following exhibits, the parties have reached the following stipulations:

a. Plaintiff's Exhibits:

b. Defendant's Exhibits:

3. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated beneath:

a. Plaintiff's Exhibits:

(*E.g.,* City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because…. (the objection must specify why there is a lack of foundation)).

b. Defendant's Exhibits:

(*E.g.,* Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on the

ground of relevance and materiality because (the objection must specify why there is a relevancy or materiality problem)).

**H. JURY TRIAL.**

**STIPULATED JURY INSTRUCTIONS, PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT** shall be filed in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

**I. CERTIFICATIONS.**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to opposing counsel.

3. Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

4. The parties have complied in all respects with the mandates of the Court's Rule 16 Order and Order Setting Final Pretrial Conference.

5. Unless otherwise previously ordered to the contrary, the parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

**APPROVED AS TO FORM AND CONTENT:**

_____  _____
Attorney for Plaintiff                              Attorney for Defendant

Based on the foregoing,

**IT IS ORDERED** that this Proposed Pretrial Order jointly submitted by the parties is hereby **APPROVED** and is thereby **ADOPTED** as the official Pretrial Order of this Court.

DATED this _____ day of _____, ____.

_____
Stephen M. McNamee
Senior United States District Judge