# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer,<br><br>    Plaintiff,<br><br>v.<br><br>Leprino Foods Company, Inc.,<br><br>    Defendant. | No. CV-1:16-1091-SMM<br><br>**ORDER** |

    Before the Court is Defendant Leprino Foods Company Incorporated's ("Leprino") Motion in Limine No. 1 (Doc. 46); Leprino's Supplemental Brief in Support of its Motion in Limine No. 1 (Doc. 78); Plaintiff Brandy Brewer's ("Brewer") Supplemental Brief in Support of Her Opposition to Leprino's Motion in Limine No. 1 (Doc. 77); Leprino's Brief Concerning the Scope of Brewer's Claim Under Cal. Gov't Code § 12940(k) (Doc. 79); and Brewer's Supplemental Brief Regarding Jury Instructions on Retaliatory Conduct (Doc. 80).

    On February 6, 2019, a Final Pretrial Conference ("FPTC") was held in this matter. (Doc. 76.) At the FPTC, the Court ruled on the parties' motions in limine. (Id.) However, the Court took Leprino's Motion in Limine No. 1 under advisement and ordered simultaneous supplemental briefing on the issue. (Id. at 2-3.) In addition, the Court asked the parties to provide simultaneous supplemental briefing to clarify the scope of Brewer's cause of action under § 12940(k) of California's Fair Employment and Housing Act ("FEHA"). (Id. at 3.)

Both issues have been fully briefed. (Docs. 77, 78, 79, 80.) After review and consideration, the Court rules as follows.

I. **BACKGROUND**

Brewer started working at Leprino, a dairy product manufacturer, in 2009. (Doc. 34 at 5.) Leprino claims that, as a manufacturer using energized equipment, one of its most critical safety procedures is its Lockout/Tagout ("LOTO") policy – which requires an employee to disconnect and personally lock the energy sources on a machine, so that the machine cannot be reenergized, and energy cannot be released when an employee is working on it. (Doc. 33-1 at 8-9.) Leprino states that in 2011 it enacted "zero-tolerance" for LOTO violations, making even first-time violations subject to strong discipline up to and including termination. (Id. at 9.)

Leprino states Brewer was approved for and took leaves of absences throughout her employment, which included pregnancy and disability leave and Family and Medical Leave Act ("FMLA") leave. (Id. at 10-11.) However, Brewer contends that she was not provided all leaves of absences she requested. (Doc. 34-4 at 3.) Brewer claims that her supervisor, Jennifer Miranda ("Miranda"), was negatively affected by her use of FMLA leave. (Doc. 34-7 at 69, 76-77.) Brewer states that on numerous occasions Miranda told Brewer that she was a "bad employee" for taking FMLA leave. (Id.; Doc. 34-4 at 2.) Brewer claims that Miranda also stated to Brewer that she preferred working with men because they did not have family obligations and that she was tracking Brewer's FMLA hours to take it to management to get her fired. (Docs. 34-4 at 2; 34-7 at 69, 76-77.) Brewer alleges this comment was made in front of supervisor, Tiffany Labuga ("Labuga"), who, after hearing it, told Brewer to complain as Miranda was retaliating against her. (Docs. 34-4 at 2; 34-7 at 53, 77, 308-09.)

Brewer alleges that from April 2014 to June 2014 she discussed Miranda's comments with the following supervisors. (Doc. 34-4 at 2.) First, Brewer states that she informed Senior Supervisor Erin McDaniel ("McDaniel"). (Id.) Brewer claims that she "spoke to Erin Mcdaniel [*sic*] about Jennifer Miranda's comments pertaining to [Brewer's]

gender and the fact that [Miranda] likes to work with men," and that Miranda told Brewer that she was a "bad employee for taking FMLA leave." (Id.) Next, Brewer alleges she complained to Senior Supervisor Jason Rocha ("Rocha") about her "concerns regarding Ms. Miranda's treatment toward [her]." (Id.) Brewer claims Rocha responded that she was "lucky to have a job" at Leprino and "not flipping burgers at Burger King." (Id.) Brewer also states that, on or about July 1, 2014, she complained to Processing Manager Don Doyle ("Doyle") "about retaliation that [she] was experiencing from Miranda" and that Miranda "said that she wanted to get [Brewer] fired." (Id.)

On July 9, 2014, Brewer committed a LOTO violation, and Miranda filed an incident report regarding the violation. (Docs. 33-1 at 13-14; 34 at 9.) Per Leprino's LOTO policy, Brewer was suspended pending investigation. (Docs. 33-1 at 14; 34 at 9.) Brewer met with Human Resources Manager Kes Anderson ("Anderson"), McDaniel, and Rocha on July 10, 2014 to discuss the LOTO violation. (Doc. 34-4 at 2.) In her suspension meeting, Brewer alleges that she "specifically informed them again about the harassment and retaliation by Miranda," but "nobody at the meeting did anything about it." (Id.; Doc. 34 at 10.) That same day, Brewer emailed Anderson asking: "How do I go about filing a harassment claim?" (Doc. 77-5 at 2.) Anderson responded on July 15, 2014: "We can meet to discuss. You can put all of your claims together and send a letter to rob tuttrup [*sic*]. How can I help you [?]" (Id.) However, Brewer was terminated from Leprino on July 18, 2014. (Doc. 33-1 at 15.)

The following day, on July 19, 2014, Brewer filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). (Doc. 41-2 at 147.) The DFEH notified Brewer on December 16, 2015 that it had concluded its investigation, it was unable to determine that the information Brewer provided established a violation of a statute, and it provided Brewer a Right to Sue letter. (Docs. 43 at 6; 43-2 at 72-74.)

On April 25, 2016, Brewer filed the instant action in the Superior Court of California, County of Kings. (Docs. 41-1 at 5; 43 at 6.) Brewer alleged four causes of

action: (1) wrongful discharge in violation of public policy;[1] (2) gender discrimination in violation of § 12940(a) of FEHA; (3) failure to take reasonable steps to prevent discrimination in the workplace in violation of § 12940(k) of FEHA; and (4) intentional infliction of emotional distress. (Doc. 1 at 14, 17-19.) In alleging a cause of action for wrongful discharge in violation of public policy, Brewer claimed that Leprino terminated her "on the basis of [Brewer's] various complaints about unlawful activity" and "on the basis of her gender." (Id. at 15.) Brewer alleged that the described conduct violated: (1) "California Labor Code § 1102.5(a)(b)(c), which prohibits employers from engaging in [*sic*] retaliatory termination against an employee"; (2) "California Government Code § 12940, which prohibits employers from engaging in adverse employment actions against an employee on the basis of their protected status, in this case gender"; and (3) "the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq., [*sic*] which requires employers to provide medical leave to employees who need to take care of a family member including child, spouse, or parent." (Id.) In alleging a cause of action for failure to prevent, Brewer claimed that Leprino failed to take steps to "prevent discrimination in the workplace by failing to effectively enforce policy against unlawful discrimination, failing to thoroughly investigate complaints of discrimination, and failing to take prompt and appropriate disciplinary action against perpetrators of discrimination. On the contrary, [Leprino] implemented policies that promoted discrimination of [Brewer] based on her gender." (Id. at 19.)

Leprino subsequently removed this action to federal court. (Doc. 1 at 1.) On December 15, 2017, Leprino filed a Motion for Summary Judgment (Doc. 33), and the Court granted in part and denied in part the motion (Doc. 36). Accordingly, Brewer's remaining causes of action include: (1) wrongful discharge in violation of FEHA and the FMLA; (2) gender discrimination in violation of § 12940(a) of FEHA; and (3) failure to prevent discrimination in violation of FEHA. (Id. at 16.) Regarding Brewer's wrongful

---

[1] In her Complaint, Brewer titles this claim, "Retaliatory Termination in Violation of Public Policy." (Doc. 1 at 14.) However, as Brewer acknowledges, this is a common law claim for Wrongful Discharge in Violation of Public Policy. (Docs. 70 at 38; 71 at 3-4, 13; 77 at 3-4; 80 at 3 n.2, 4.) Accordingly, the Court will refer to this cause of action as such.

discharge claim, the remaining issues to be presented to the jury include whether Brewer was terminated based upon her gender in violation of FEHA § 12940(a) and whether Brewer was terminated in retaliation for taking FMLA leave in violation of the FMLA. (Id. at 14.)

This case is currently set for trial on April 1, 2019.

**II.      Supplemental Briefing: Leprino's Motion in Limine No. 1**

Leprino seeks to preclude evidence of Brewer's alleged complaints to Leprino's supervisors, contending that the evidence is irrelevant to the remaining causes of action. (Docs. 78 at 2; 46 at 4.) In contrast, Brewer contends the evidence is relevant to her failure to prevent and wrongful discharge in violation of public policy claims. (Docs. 77 at 3-5; 62 at 3.)

Under California law, an employer's authority to discharge an at-will employee is limited by statute and considerations of public policy. Tameny v. Atl. Richfield Co., 27 Cal. 3d 167, 172 (1980). An employee who is terminated in contravention of a public policy may bring a common law wrongful discharge in violation of public policy claim. Id. However, the employee must demonstrate that the public policy is "'tethered to fundamental policies that are delineated in constitutional or statutory provisions.'" Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 71 (1998) (quoting Gantt v. Sentry Ins., 1 Cal. 4th 1083, 1095 (1992)). Thus, the employee has the burden to identify the specific statutory provision that the employer violated. See id. at 84; see also Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1257 (1994).

FEHA makes it an unlawful employment practice for an employer to retaliate against an employee who complains of the employer's unlawful activity. Cal. Gov't Code § 12940(h). To establish a prima facie case of retaliation, the employee must prove that (1) the employee engaged in a protected activity; (2) the employer subjected the employee to an adverse employment action; and (3) a causal link existed between the protected activity and the employer's action. Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005). An employee engages in a protected activity if the employee opposes discrimination or

other conduct made unlawful by FEHA. Cal. Gov't Code § 12940(h). However, a simple assertion that an employer engaged in harassment without more is not a statutorily protected opposition to an unlawful employment practice. EEOC v. Crown Zellerbach Corp., 720 F.2d 1008, 1013 (9th Cir. 1983); Kodwavi v. Intercontinental Hotels Grp. Res., Inc., 966 F. Supp. 2d 971, 988 (N.D. Cal. 2013) (using word "harassment" is insufficient to make a complaint one related to an unlawful employment practice). To engage in a protected activity, an employee's complaints must oppose discrimination when read in their totality and indicate that the employee's opposition is based on a protected ground. See Yanowitz, 36 Cal. 4th at 1047.

FEHA also makes it an unlawful employment practice for an employer to fail "to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov't Code § 12940(k). Section 12940(k) applies to "'an employer who knew or should have known of discrimination or harassment' and 'fail[s] to take prompt remedial action.'" Vierria v. Cal. Highway Patrol, 644 F. Supp. 2d 1219, 1245 (E.D. Cal. 2009).

Here, Leprino argues that evidence of Brewer's alleged complaints is irrelevant to the remaining causes of action, contending that the evidence would be relevant only if Brewer pled a wrongful discharge claim in violation of § 12940(h) of FEHA. (Doc. 78 at 2.) Leprino further contends that, because Brewer failed to plead a violation § 12940(h), the evidence is irrelevant. (Id. at 4.) The Court agrees to the extent that Brewer failed to allege a violation of § 12940(h).[2] In her Complaint, Brewer pled a common law claim for wrongful discharge in violation of public policy. (Doc. 1 at 14.) Brewer alleges that Leprino "terminated [her] employment in violation of California Labor Code § 1102.5(a)(b)(c) and public policy by terminating [Brewer] on the basis of [Brewer's] various complaints about unlawful activity." (Id. at 15.) Brewer attempts to tether these allegations to three specific statutes: (1) "California Labor Code § 1102.5(a)(b)(c)" (California's "whistleblower"

---

[2] While the Court limits its discussion to Brewer's wrongful discharge in violation of public policy claim, the Court notes that Brewer also did not allege retaliation as a stand-alone statutory claim. (Doc. 1 at 14-21.)

statute); (2) "California Government Code § 12940"; and (3) the "Family and Medical Leave Act, 29 U.S.C. 2601, et seq. [*sic*]" (Id.) However, Brewer's allegations are insufficient to allege a specific violation of § 12940(h) under FEHA. Although Brewer generally cites to § 12940 to support her wrongful discharge claim, Brewer fails to cite the specific provision of FEHA that prohibits retaliatory discharge – i.e., § 12940(h). Moreover, Brewer fails to argue that her discharge was retaliatory in violation of § 12940(h). Instead, Brewer argues that Leprino terminated her in violation of the FEHA provision that "prohibits employers from engaging in adverse employment actions…on the basis of their protected status, in this case gender." (Doc. 1 at 15.) Therefore, because Brewer failed to cite to § 12940(h) or argue that her termination was retaliatory in violation of that provision, the Court finds that Brewer failed to allege a cause of action for wrongful discharge in violation of the public policy embodied in § 12940(h) under FEHA.[3]

Leprino further asserts that, even if Brewer pled a violation of § 12940(h), Brewer's claim would fail because Brewer did not engage in a "protected activity." (Doc. 78 at 5.) The Court agrees. In ruling on Leprino's Motion for Summary Judgment, the Court found that Brewer's complaints did not rise to the level of a protected activity under California's "whistleblower" statute. (Doc. 36 at 14.) The Court now finds that Brewer's complaints also do not constitute a protected activity under § 12940(h) of FEHA. Brewer's submitted evidence shows that she complained to Leprino's supervisors on numerous occasions about Miranda's "harassing" conduct. (Doc. 34-4 at 2.) However, as the Court previously noted, "Brewer only submits conclusory allegations that she engaged in protected activity by disclosing 'harassing' conduct by Miranda." (Doc. 36 at 14.) Brewer's complaints about Miranda's "harassment" and "retaliation" are insufficient to indicate that Brewer opposed an unlawful employment practice based upon a protected ground. See Yanowitz, 36 Cal. 4th at 1047. Because an assertion of harassment in itself is insufficient to constitute a "statutorily protected opposition to an 'unlawful employment practice,'" the Court finds

---

[3] The Court notes that Brewer cited to § 12940(h) in her Opposition to Leprino's Motion for Summary Judgment. (Doc. 34 at 13-14.) However, despite citing to § 12940(h) in her Opposition, Brewer did not plead in her Complaint a cause of action for wrongful discharge in violation of § 12940(h).

that Brewer did not engage in a protected activity. See Crown Zellerbach Corp., 720 F.2d at 1013. Thus, even if Brewer had pled a wrongful discharge claim in violation of § 12940(h) of FEHA, her cause of action would fail.

However, Brewer argues that the evidence is relevant to the remaining causes of action, asserting the evidence will establish knowledge for her failure to prevent claim. (Doc. 77 at 3.) The Court agrees. Brewer's presented evidence shows that she complained to four supervisors prior to her termination. (Docs. 34-4 at 2; 62 at 2.) While Leprino presents evidence to the contrary,[4] this contradiction goes to the weight of the evidence, not its admissibility. Because an employer is subject to liability under § 12940(k) of FEHA if the employer knew or should have known about discrimination, this evidence is relevant to determine whether Leprino had knowledge of Miranda's alleged harassing conduct. See Vierria, 644 F. Supp. 2d at 1245. Leprino also argues that, even if the evidence is relevant, it should be precluded because "Leprino would be compelled to defend itself against allegations related to these unrelated complaints, in order to prove that Plaintiff did not make any complaints," which would create the type of "trial within a trial" that Federal Rule of Evidence 403 is intended to prevent. (Doc. 46 at 4-5.) However, Leprino has already identified the supervisors, to whom Brewer allegedly complained, as potential trial witnesses;[5] thus, Leprino would only be required to engage in an additional line of questioning to determine the validity of Brewer's complaints. This would not unfairly prejudice Leprino. Accordingly, the relevance of the evidence to Brewer's failure to prevent claim is not substantially outweighed by a danger of unfair prejudice to Leprino.

Brewer further contends that the evidence is directly relevant to her wrongful discharge claim. (Doc. 77 at 3-4.) Specifically, Brewer argues that the evidence is relevant to determine whether she was terminated for taking FMLA leave.[6] (Id.) In support, Brewer

---

[4] In its Motion in Limine, Leprino argues that "during depositions [*sic*] the individuals to whom Plaintiff claims to have complained testified that Plaintiff did not, in fact, complain." (Doc. 46 at 5.)

[5] Leprino identified the following individuals as "Witnesses Who Will Be Called At Trial": Kes Anderson, Jennifer Miranda, and Erin McDaniel. (Doc. 71 at 17.) In addition, Leprino identified Don Doyle and Jason Rocha as "Witnesses Who May Be Called At Trial." (Id. at 22.)

[6] Brewer also argues the evidence is relevant to establish the pretext element of a

states that the Court relied on evidence of Brewer's complaints to deny Leprino's Motion for Summary Judgment. (Id. at 4.) The Court first notes that the standard for the admissibility of evidence at trial differs from the standard at summary judgment. Because the Court is required to view the facts in the light most favorable to the nonmoving party at summary judgment, in this case Brewer, the Court found that the evidence was relevant to finding a material issue of fact for trial. See Tolan v. Cotton, 570 U.S. 650, 656 (2014). Even though the Court relied on the evidence, the Court explicitly left open the possibility of sustaining a relevancy objection at a later date. (Doc. 44 at 15 (overruling "Leprino's relevancy objections *at this time*") (emphasis added).) Nonetheless, the Court finds that the evidence may be relevant to Brewer's wrongful discharge claim at trial. Because the factual underpinnings of the complaints have not been advanced in the context of the parties' supplemental briefings and because the relevance of the evidence is dependent upon the context in which it is presented at trial, the Court cannot preclude the evidence at this time as a matter of law. Therefore, evidence of Brewer's complaints to Leprino's supervisors may be admissible if Brewer can lay a proper foundation for the relevance of the evidence at trial. However, if Brewer cannot lay a proper foundation, then the evidence may be admissible for the limited purpose of establishing knowledge for her failure to prevent cause of action under § 12940(k) of FEHA and a properly tailored limiting instruction will be employed.

### III. Supplemental Briefing: Scope of Brewer's Cal. Gov't Code § 12940(k) Claim

In her Complaint, Brewer alleges that Leprino failed to take all reasonable steps to prevent discrimination in the work place in violation of § 12940(k) of FEHA. (Doc. 1 at 18.) In the parties' Proposed Jury Instructions, Brewer also includes a cause of action for failure to prevent discrimination, harassment, and retaliation. (Doc. 70 at 46.) However,

---

prima facie case of retaliation under FEHA, citing numerous cases in support. (Doc. 77 at 3 (citing Miller v. Fairchild Indus., Inc., 885 F.2d 498 (9th Cir. 1989); Mendoza v. W. Med. Ctr. Santa Ana, 222 Cal. App. 4th 1334 (2014); Miller v. Dep't of Corrs., 36 Cal. 4th 446 (2005); Colarossi v. Coty US Inc., 97 Cal. App. 4th 1142 (2002); Flait v. N. Am. Watch Corp., 3 Cal App. 4th 467 (1992)).) Unlike the cases cited, Brewer does not have a viable claim for retaliation in violation of FEHA. Thus, the evidence is irrelevant to the extent that Brewer did not plead a violation of § 12940(h).

Leprino contends that Brewer's claim is limited to failure to prevent discrimination because Brewer did not allege an underlying cause of action for harassment or retaliation. (Docs. 70 at 47; 71 at 11; 79 at 3.) The parties seek to clarify the scope of this cause of action.

Under FEHA, it is an unlawful employment practice for an employer to fail "to take all reasonable steps necessary" to prevent discrimination, harassment, and retaliation from occurring. Cal. Gov't Code § 12940(k); see Taylor v. City of Los Angeles Dep't of Water & Power, 144 Cal. App. 4th 1216, 1239-40 (2006). To prevail on a claim under § 12940(k), the plaintiff has the burden to prove that: "(1) plaintiff was subjected to discrimination, harassment, or retaliation; (2) defendant failed to take reasonable steps to prevent discrimination, harassment, or retaliation; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm." Lelaind v. City & Cty. of San Francisco, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008); see also Caldera v. Dep't of Corrs. & Rehab., 25 Cal. App. 5th 31, 43-44 (2018). As to the first element, a claimant must plead and prove actual discrimination, harassment, or retaliation. See Dickson v. Burke Williams, Inc., 234 Cal. App. 4th 1307, 1314 (2015); see also Cal. Code Regs. tit. 2, § 11023(a)(2). Thus, a § 12940(k) cause of action fails in the absence of a viable underlying claim for discrimination, harassment, or retaliation. See Dickson, 234 Cal. App. 4th at 1314; see also Trujillo v. N. Cty. Transit Dist., 63 Cal. App. 4th 280, 288-89 (1998).

As an initial matter, the parties agree that, because Brewer failed to plead an underlying claim of harassment, Brewer does not have a cause of action for failure to prevent harassment. (Docs. 79 at 4; 80 at 3.) The parties also agree that Brewer has a viable claim for failure to prevent discrimination because Brewer pled an underlying discrimination claim. (Docs. 79 at 6; 80 at 2.) The parties dispute, however, whether Brewer has a viable claim for failure to prevent retaliation. (Docs. 79 at 2-6; 80 at 3.)

Relying on the Court's July 20, 2018 Order, Brewer asserts that she has a viable claim for retaliation because the Court found at summary judgment that "'Brewer has submitted sufficient evidence to raise a question of material fact for the jury to determine whether her discharge was a retaliatory discharge in violation of FEHA and the FMLA.'"

(Doc. 80 at 3 (emphasis omitted) (quoting Doc. 36 at 14).) However, at summary judgment, the Court was asked, inter alia, to determine whether Brewer had a viable claim for wrongful discharge in violation of the public policies embodied in (1) California's "whistleblower" statute; (2) FEHA, specifically § 12940(a); and (3) the FMLA. (Doc. 33 at 4-5.) The Court was not asked whether Brewer had a viable wrongful discharge claim under § 12940(h) of FEHA. Nor did Brewer plead a cause of action for wrongful discharge under § 12940(h). In ruling on summary judgment, the Court found that Brewer had a viable wrongful discharge claim in violation of the public policies articulated in § 12940(a) of FEHA and the FMLA. The Court did not make a specific finding that Brewer had a claim for wrongful discharge in violation of § 12940(h) of FEHA as that was not the issue presented to or decided by the Court on summary judgment.

Brewer also asserts that she has a claim for failure to prevent retaliation because she pled retaliation as a common law wrongful discharge claim in violation of § 12940(h) of FEHA.[7] (Doc. 80 at 4.) In contrast, Leprino argues that, because Brewer did not plead a stand-alone statutory retaliation claim in violation of § 12940(h), Brewer does not have a viable claim for failure to prevent retaliation.[8] (Doc. 79 at 3.) However, the Court finds that Brewer failed to plead a cause of action for retaliation. As the Court found previously, Brewer failed to allege a claim for wrongful discharge in violation of the public policy embodied in § 12940(h) of FEHA. Additionally, Brewer failed to plead retaliation as a stand-alone statutory claim. Thus, because Brewer failed to plead an underlying retaliation

---

[7] The Court notes that Brewer has a viable claim for wrongful discharge in violation of the public policy articulated in the FMLA that prohibits an employer from retaliating against an employee for taking FMLA leave. (Docs. 1 at 15; 36 at 14.) However, Leprino asserts, and the Court agrees, that "there is no statutory cause of action in the California FEHA for failure to take steps to prevent a violation of the federal FMLA." (Doc. 79 at 6 (emphasis omitted).) See Cal. Gov't Code § 12940, *et seq.*; see also Cal. Code Regs. tit. 2, § 11023(b) ("Employers have an affirmative duty to create a workplace environment that is free from employment practices prohibited by the Act.").

[8] Leprino also argues that Brewer could not have pled retaliation as a statutory violation because she failed to exhaust administrative remedies. (Doc. 79 at 3.) To support its position, Leprino requests that the Court take judicial notice of Brewer's DFEH Complaint to prove that Brewer did not exhaust administrative remedies. (Doc. 79-1 at 1, 4-10.) Because the Court finds that Brewer did not plead an underlying retaliation claim, the Court denies as moot Leprino's request.

claim, Brewer does not have a cause of action for failure to prevent retaliation.[9] See Dickson, 234 Cal. App. 4th at 1314.

In the alternative, Brewer now requests leave to amend her Complaint to include a stand-alone statutory retaliation claim, arguing that no prejudice would result because "the exact same claim has already been pleaded as a common law tort." (Doc. 80 at 6.) The Court disagrees. Brewer did not plead a common law retaliatory discharge claim. If the Court permitted Brewer to amend her Complaint at this time, she would be adding an entirely new cause of action. This would unfairly prejudice Leprino because Leprino would be unable to flesh out this cause of action prior to trial as fact discovery has closed and the dispositive motions deadline has passed. Moreover, because Brewer is the master of her Complaint, she could have sought leave to amend her Complaint at any time. See Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987). Yet no request was made. Accordingly, the Court denies Brewer's request to amend her Complaint.

Based on the foregoing, Brewer's cause of action under § 12940(k) of FEHA is limited to failure to prevent discrimination.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Leprino's Motion in Limine No. 1 and Leprino's Supplemental Brief in Support of its Motion in Limine No. 1. (Docs. 46, 77.)

**IT IS FURTHER ORDERED** that evidence of Brewer's complaints to Leprino's supervisors may be admissible at trial if Brewer can lay a proper foundation for the relevance of the evidence. However, if Brewer cannot lay a proper foundation, then the evidence may be admissible for the limited purpose of establishing knowledge for her failure to prevent discrimination cause of action under Cal. Gov't Code § 12940(k) and a properly tailored limiting instruction will be employed.

---

[9] In the parties' supplemental briefings on this issue, the parties dispute whether an underlying claim for purposes of establishing a FEHA § 12940(k) cause of action must be pled as a stand-alone statutory claim. (Docs. 79 at 5; 80 at 4-5.) However, because Brewer did not plead retaliation either as a common law or statutory claim, the Court declines to resolve this issue.

**IT IS FURTHER ORDERED** that Brewer's cause of action under Cal. Gov't Code § 12940(k) is limited to failure to prevent discrimination. (Docs. 79, 80.) The jury instructions shall reflect this limitation.

**IT IS FURTHER ORDERED denying** Brewer leave to amend her Complaint. (Doc. 80 at 6.)

**IT IS FURTHER ORDERED denying as moot** Leprino's request that the Court take judicial notice of Brewer's DFEH Complaint. (Doc. 79-1 at 1.)

**IT IS FURTHER ORDERED** that, pursuant to the Court's Order ruling on the parties' supplemental briefings, the parties shall submit Stipulated Proposed Jury Instructions on or before **Friday, March 22, 2019**.

**IT IS FURTHER ORDERED** that, based on the Court's Order, the attached Statement of the Case shall be read to the jury at the beginning of the trial.

**IT IS FURTHER ORDERED** that no further status conferences will be held in this matter unless the parties notify the Court that new issues have arisen.

Dated this 13th day of March, 2019.

Honorable Stephen M. McNamee
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer, | No. CV-1:16-1091-SMM |
| Plaintiff, | **STATEMENT OF THE CASE** |
| v. | |
| Leprino Foods Company Inc., | |
| Defendant. | |

The Court will read the following Statement of the Case to the jury at the beginning of the trial.

Dated this 13th day of March, 2019.

Honorable Stephen M. McNamee
Senior United States District Judge

|   |   |
|---|---|
| 1 | Plaintiff, Brandy Brewer, alleges that she was wrongfully terminated based upon her gender and her protected leaves of absences. Ms. Brewer further alleges that Defendant, Leprino Foods Company, failed to take reasonable steps to prevent unlawful discrimination. Ms. Brewer contends that as a result of Leprino's conduct, she has been harmed. She seeks past and future economic and non-economic damages. |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 | Leprino contends that it terminated Ms. Brewer's employment because Ms. Brewer failed to follow safety procedures, which is a legitimate, lawful reason to terminate her. Leprino denies that it discriminated against Ms. Brewer or wrongfully terminated Ms. Brewer's employment. Leprino further contends that it took all reasonable steps to prevent unlawful discrimination in the workplace. Leprino contends that Ms. Brewer is not entitled to any damages. |

Plaintiff, Brandy Brewer, alleges that she was wrongfully terminated based upon her gender and her protected leaves of absences. Ms. Brewer further alleges that Defendant, Leprino Foods Company, failed to take reasonable steps to prevent unlawful discrimination. Ms. Brewer contends that as a result of Leprino's conduct, she has been harmed. She seeks past and future economic and non-economic damages.

Leprino contends that it terminated Ms. Brewer's employment because Ms. Brewer failed to follow safety procedures, which is a legitimate, lawful reason to terminate her. Leprino denies that it discriminated against Ms. Brewer or wrongfully terminated Ms. Brewer's employment. Leprino further contends that it took all reasonable steps to prevent unlawful discrimination in the workplace. Leprino contends that Ms. Brewer is not entitled to any damages.