# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer, | No. CV-1:16-1091-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Leprino Foods Company, Inc., | |
| Defendant. | |

Before the Court is Defendant Leprino Foods Company, Inc.'s ("Leprino") Application for Attorneys' Fees Pursuant to the Court's Order on Motion for Sanctions. (Doc. 114.) Plaintiff Brandy Brewer ("Brewer") filed her Opposition on May 17, 2019. (Doc. 125.) Accordingly, the motion is now ripe for review.

After review and consideration, the Court will grant in part Leprino's motion.

## I. BACKGROUND

This case arose in 2016 when Brewer, a former employee of Leprino, filed a complaint alleging violations of the Family and Medical Leave Act and California's Fair Employment and Housing Act. (Doc. 1 at 10-22.) During discovery, Leprino discovered that Brewer failed to produce documents that were responsive to its discovery requests. Consequently, Leprino filed an ex parte application, requesting that the Court reopen discovery to allow Leprino to redepose Brewer in regard to late disclosed documents and seeking discovery sanctions pursuant to Federal Rule of Civil Procedure 37. (Doc. 25 at 3.)

On September 6, 2017, the Court held a telephonic hearing regarding Leprino's ex parte application. (Doc. 28.) At the hearing, the Court granted in part Leprino's request to reopen discovery for the limited purpose of redeposing Brewer for an additional five hours. (Id.) The Court, however, deferred ruling on the issue of sanctions. (Id.)

After the dispositive motions deadline, the Court held a telephonic status conference. (Doc. 38.) Pursuant to discussion at the hearing, the Court allowed the parties to brief the issue of sanctions. (Id. at 2; Doc. 37.)

On September 28, 2018, Leprino filed a motion for sanctions requesting, inter alia, that the Court order Brewer to pay its fees and costs associated with its ex parte application and Brewer's redeposition. (Doc. 41 at 3.) In a January 29, 2019 Order ("Sanctions Order"), the Court granted in part and denied in part Leprino's motion, ordering Brewer to pay Leprino's fees and costs incurred in making its ex parte application and in redeposing Brewer in an amount to be determined at the conclusion of trial. (Doc. 74 at 20.) The Court also reserved the right to provide an adverse inference jury instruction at trial. (Id.) Trial was held in this matter on April 1, 2019 through April 10, 2019. (Docs. 96-101, 104-06.) As the evidence unfolded at trial, the circumstances that could have led to a request for an adverse inference jury instruction never materialized. Accordingly, in an April 15, 2019 Order, the Court denied as moot "any motions related to the issue of an adverse inference jury instruction." (Doc. 113 at 1.)

An off-the-record hearing was held on April 24, 2019 to clarify the Court's Sanctions Order. (Doc. 115.) During the hearing, "[t]he Court directed counsel to file a separately noticed motion for fees and costs pursuant to the Court's Order (Doc. 74)" should counsel wish to file a motion for attorneys' fees. (Id.) Later that day, Leprino filed the instant motion for attorneys' fees. (Doc. 114.)

## II. DISCUSSION

Leprino requests $16,480.00 in attorneys' fees pursuant to the Court's Sanctions Order. (Doc. 114 at 2, 4.) Specifically, Leprino states it is entitled to the $10,480.00 incurred in making its ex parte application and the $6,000.00 incurred in redeposing

Brewer. (Id. at 4.)

Brewer contends, however, that Leprino is not entitled to attorneys' fees because the Court denied further motions related to the issue of sanctions. (Doc. 125 at 2.) In support, Brewer provides an excerpt of the Court's trial dialogue in which the Court stated: "[T]here will be no other sanctions imposed as a result of some discovery issues." (Id.) Brewer also attaches a copy of the Court's April 15, 2019 Order, arguing that the Court "issued an order stating that It [*sic*] was Denying [*sic*] any motions associated with Docket Numbers: 41 and 74, which were the motions for sanctions." (Id.)

Contrary to Brewer's contentions, the Court did not deny all motions related to the issue of sanctions. At trial, the Court noted that it would not impose sanctions related to some, not all, discovery issues. Then, the Court issued its April 15, 2019 Order, denying as moot the issue of an adverse inference jury instruction, not the payment of attorneys' fees. Thus, Leprino is entitled to its reasonable attorneys' fees pursuant to the Court's Sanctions Order.

When attorneys' fees are awarded, a court must analyze the award to ensure its reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). In assessing the reasonableness of an award of attorneys' fees, court's employ the lodestar method. Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003). The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). The moving party has the burden to prove reasonableness. Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622-23 (9th Cir. 1993).

A reasonable number of hours expended equals "[t]he number of hours … [which] could reasonably have been billed to a private client." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). The moving party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." Gonzalez, 729 F.3d at 1202 (citing In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1305 (9th Cir. 1994)). A court should exclude hours that are redundant, excessive, or

otherwise unnecessary. Moreno, 534 F.3d at 1112-13.

In addition to computing a reasonable number of hours, a court must calculate a reasonable hourly rate. See Gonzalez, 729 F.3d at 1202. A reasonable hourly rate is calculated according to the "prevailing market rates in the relevant community." Id. at 1205. The relevant community is the forum in which the district court sits. Id. (citing Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010)). To determine a reasonable hourly rate, a court should consider the rate prevailing amongst attorneys of comparable "experience, skill, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986). The moving party has the burden of providing "satisfactory evidence" that the hourly rates requested meet these standards. Gonzalez, 729 F.3d at 1206. Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding the prevailing market rates in the community, and rate determinations in other cases. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008). A court may only consider the market rate in effect within two years of the work performed. Bell v. Clackamas Cty., 341 F.3d 858, 869 (9th Cir. 2003).

A court may consider hourly rates outside the forum "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997) (quoting Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992)). District courts in the Eastern District of California have permitted the use of out-of-forum rates where "(1) there is a pre-existing relationship between counsel and plaintiff; (2) there are a lack of attorneys who handle the particular type of case being brought; or (3) plaintiff demonstrates that they made an affirmative attempt to secure local counsel and were unable to do so." Schmidt v. City of Modesto, No. 1:17-cv-014-11-DAD-MJS, 2018 WL 6593362, at *6 (E.D. Cal. Dec. 14, 2018) (citing Wright v. Tehachapi Unified Sch. Dist., No. 1:16-cv-01214-JLT, 2017 WL 3334015, at *4-5 (E.D. Cal. Aug. 4, 2017) (internal quotations omitted) (awarding out-of-forum rates based on unavailability of "private attorneys who focus on representing disabled school

children who reside in Tehachapi and Kern County"); S. Yuba River Citizens League & Friends of River v. Nat'l Marine Fisheries Serv., No. CIV. S–06–2845 LKK/JFM, 2012 WL 1038131, at *6 (E.D. Cal. Mar. 27, 2012) (awarding out-of-forum rates where plaintiffs had sent letters to seven law firms soliciting representation but were unable to obtain local counsel); Yenidunya Invs., Ltd. v. Magnum Seeds, Inc., No. CIV 2:11–1787 WBS, 2012 WL 538263, at *7 (E.D. Cal. Feb. 17, 2012) (granting request to use out-of-forum rates because attorneys had prior history with both the client and the dispute at issue)).

After a court calculates the lodestar figure, the court must then decide whether to enhance or reduce the amount based on its evaluation of the factors enunciated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975). Fischer v. SJB P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar figure, however, is "presumptively reasonable." Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006). The lodestar figure should be adjusted or enhanced only in rare or exceptional circumstances, and a fee applicant bears "the burden of showing that such an adjustment is necessary to the determination of a reasonable fee." Blum v. Stenson, 465 U.S. 886, 898 (1984). In addition to considering the Kerr factors, a court may also consider the plaintiff's financial condition. Patton v. Cty. of Kings, 857 F.2d 1379, 1382 (9th Cir. 1988); Miller v. Los Angeles Cty. Bd. of Educ., 827 F.2d 617, 620-21 (9th Cir. 1987). However, a court may not refuse to award attorneys' fees solely on that ground. Miller, 827 F.2d at 621 n.5.

Here, the Court begins its analysis with a calculation of the lodestar figure. Leprino avers that it expended 26.2 hours making its ex parte application. (Doc. 41-2 at 6-7, 174.) In support, Leprino submits its billing statements and the declaration of Leprino's counsel, Angela Clements ("Ms. Clements"), attesting that the hours expended were reasonable. (Id. at 6-7, 174.) Brewer, however, contends that the hours expended were both duplicative and unreasonable.[1] (Doc. 125 at 4.) The Court agrees in part with Brewer. First, although Leprino contends that it spent 26.2 hours making its ex parte application, the billing

---

[1] Instead of explicitly stating the grounds for which Brewer believes that Leprino's fees are duplicative and unreasonable, Brewer "incorporates by reference arguments made in opposition to Defendant's Motion for Sanctions." (Doc. 125 at 4.) However, it is not the Court's responsibility to search through past pleadings to support counsel's arguments.

statements submitted account only for 23.6 hours. Due to this discrepancy, the Court will reduce the award by 2.6 hours. Next, Leprino contends that it spent 4.8 hours on a "[c]all with S. Jennings re [*sic*] Plaintiff's discovery abuse and strategy" and "drafting [*sic*] Ex Parte Application." (Doc. 41-2 at 174.) In its Sanctions Order, the Court granted Leprino's request to recover attorneys' fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), which requires a party to pay only those expenses incurred in "*making*" a motion to compel. (Doc. 74 at 20 (discussing Fed. R. Civ. P. 37(a)(5)(A) (emphasis added)).) Because discussing Brewer's discovery abuse and strategy is unrelated to making – i.e., researching, drafting, and filing – the ex parte application, the Court will deduct 2.4 hours from this time entry. Therefore, the Court finds that Leprino reasonably expended 21.2 hours on its ex parte application.

Leprino also requests that the Court award attorneys' fees for the 15.0 hours it spent redeposing Brewer. (Doc. 41-2 at 183.) Again, Leprino supports its request by submitting its billing statement, which describes that the 15.0 hours included "tak[ing] continued deposition of Plaintiff; appear[ing] at telephonic hearing with Judge McNamee on issues relevant to deposition; confer[ring] with S. Rappaport re [*sic*] deposition strategy; round trip travel to Fresno, CA (6.0)." (Id.) The Court finds that Leprino has failed to establish the reasonableness of this request. First, the telephonic hearing listed on the billing statement occurred during Brewer's redeposition. Any award associated with this hearing would be duplicative. Next, while the five hours spent redeposing Brewer and the six hours traveling to and from the deposition are compensable, see Astro-Med, Inc. v. Plant, 250 F.R.D. 28, 32 (D.R.I. 2008), Leprino fails to set forth any argument that justifies the reasonableness of the remaining four hours. Thus, the Court will reduce the award associated with Brewer's redeposition to 11.0 hours.

Next, Leprino contends that Ms. Clements's hourly rate of $400.00 per hour is reasonable for a labor and employment law attorney with 7.5 years of experience and is "reflective of the market value for litigation attorneys and staff with similar skill and experience in the San Francisco Bay Area." (Doc. 41-2 at 7-8.) Leprino supports its

contention with Ms. Clements's declaration and a copy of her biographical information. (Docs. 41-2 at 1-8, 194-96.) Brewer does not oppose the reasonableness of the hourly rate. Nonetheless, the Court finds that Leprino has failed to establish that $400.00 per hour is the "prevailing market rate[] in the relevant community" for attorneys with similar "experience, skill, and reputation." Blum, 465 U.S. at 895; Chalmers, 796 F.2d at 1211. Despite Leprino's contention that $400.00 per hour is reasonable in the San Francisco Bay Area, Leprino fails entirely to establish that $400.00 per hour is also reasonable in the relevant community. In this case, the relevant community is Fresno, not San Francisco. See Gonzalez, 729 F.3d at 1205. Additionally, although the Court has the discretion to apply out-of-forum hourly rates, the Court finds insufficient evidence to do so. For example, Leprino provides no evidence of a pre-existing relationship with counsel. Nor does Leprino argue that qualified counsel was unavailable in the Fresno area. Accordingly, the Court will apply the prevailing market rate in Fresno.

District courts in the Eastern District of California Fresno Division have approved hourly rates ranging from $200.00 to $550.00 per hour. See Schmidt, 2018 WL 6593362, at *6 (finding reasonable $400.00 per hour for attorney with 44 years of general experience, 10 of which were specific to civil rights litigation; and $300.00 per hour for attorney with 12 years of general experience, 8 of which were specific to civil rights litigation); Block v. Starbucks Corp., No. 1:15-cv-00991-DAD-CKD, 2018 WL 4352906, at *6 (E.D. Cal. Sept. 11, 2018) (finding $300.00 per hour reasonable for attorney with 22 years of experience); Cervantes v. Vargas, No. 1:17-cv-00923-LJO-SKO, 2018 WL 2455615, at *7-8 (E.D. Cal. June 1, 2018) (finding $275.00 per hour reasonable for attorney with nine years of experience in ADA litigation); Tarango v. City of Bakersfield, No. 1:16-cv-0099-JLT, 2017 WL 5564917, at *6 (E.D. Cal. Nov. 20, 2017) (finding hourly rate of $250.00 per hour reasonable for attorney with five years of experience); Trujillo v. La Valley Foods, Inc., No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. July 14, 2017) (finding $300.00 per hour reasonable for attorney with 15 years of experience); Trujillo v. Singh, No. 1:16-cv-01640-LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017)

(finding hourly rate of $300.00 per hour reasonable for attorney with 15 years of experience); Z.F. ex rel. M.A.F. J.F. v. Ripon Unified School District (RUSD), No. 2:10-cv-00523-TLN-CKD, 2017 WL 1064679, at *3 (E.D. Cal. Mar. 21, 2017) (finding $450.00 per hour reasonable for partners and $350.00 per hour reasonable for associates). Based on Ms. Clements's 7.5 years of experience as a labor and employment law attorney, the Court finds that $300.00 per hour is a more appropriate hourly rate in the Fresno area.

Therefore, the Court finds that Leprino reasonably expended 21.2 hours making its ex parte application and 11.0 hours redeposing Brewer at an hourly rate of $300.00 per hour. Pursuant to these findings, the Court adopts $9,660.00 as the lodestar figure.[2] The Court must next determine whether the lodestar figure should be adjusted based on the twelve factors delineated in Kerr.

The Kerr factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr, 526 F.2d at 67. A court is not required to analyze each factor "so long as it discusses those most relevant to the particular case." Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988) (citation omitted). Although the Court is not required to consider each factor in turn, it does so in light of its "superior understanding of th[is] litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Jordan v. Multnomah Cty., 815 F.2d 1258, 1263 n.11 (9th Cir. 1987).

Here, the Court finds that none of these factors warrant an adjustment for the following reasons. The first factor was subsumed in the lodestar calculation. Second, the facts and the legal questions presented in this case were neither particularly novel nor

---

[2] 21.2 hours + 11.00 hours = 32.2 hours. 32.2 hours x $300.00/hour = $9,660.00.

difficult. Third, particular skills were not necessary to litigate this case properly. Fourth, there is no evidence that this case precluded Leprino's counsel from accepting other employment. Fifth, Leprino has failed to provide evidence of a customary fee for this type of case. Sixth, because the fee in this case is fixed, and because counsel would have been paid regardless of the outcome of trial, the sixth factor does not warrant an enhancement. Seventh, Leprino fails to report any time limitations imposed by this litigation. Nor does the record indicate any such limitations. Eighth, although Leprino's ex parte application garnered favorable results, the Court has already rewarded Leprino's success by awarding attorneys' fees pursuant to Rule 37(a)(5)(A). Ninth, this factor was subsumed in the lodestar calculation. The tenth factor is inapplicable to prevailing defendants. See Miller, 827 F.2d at 620 n.4. Eleventh, this factor was subsumed in the lodestar calculation. Twelfth, Leprino has provided no evidence of awards in similar cases. Therefore, an adjustment is not warranted pursuant to the Kerr factors.

Although an adjustment to the lodestar figure is not warranted based on the Kerr factors, the Court will consider Brewer's financial condition in determining the reasonableness of the award. See Patton, 857 F.2d at 1382; Miller, 827 F.2d at 620-21. In opposing Leprino's motion, Brewer argues that the imposition of sanctions would be unjust due to her "financial condition, her losing her house, and her inability to earn nearly as much as she was earning at Leprino." (Docs. 125 at 3; 43 at 19.) Additionally, Brewer states that she "is recovering from knee surgery" and "has to support three kids." (Doc. 43 at 19.) However, Brewer's conduct and failed attitude toward the obligations imposed by the mandatory discovery rules and requirements caused a significant problem in the case, which required remedial action by the Court and resulted in additional costs incurred by the parties. Nonetheless, considering Brewer's financial condition, the Court finds a downward adjustment to the lodestar figure is warranted. See Patton, 857 F.2d at 1382; Miller, 827 F.2d at 620-21. Accordingly, the Court will reduce the award by 75% and adopts $2,415.00 as the final lodestar figure.[3]

---

[3] $9,660.00 x 75% = $7,245.00. $9,660.00 - $7,245.00 = $2,415.00.

## III. CONCLUSION

Based on the foregoing, the Court finds that Leprino reasonably expended 21.2 hours making its ex parte application and 11.0 hours redeposing Brewer. The Court also finds reasonable an hourly rate of $300.00 per hour for an attorney with Ms. Clements's experience, skill, and reputation in the Fresno area. Further, the Court finds that Brewer's financial condition warrants a 75% downward adjustment to the lodestar figure. Thus, the Court awards Leprino attorneys' fees in the amount of $2,415.00. Accordingly,

**IT IS HEREBY ORDERED granting in part and denying in part** Leprino's Application for Attorneys' Fees Pursuant to the Court's Order on Motion for Sanctions. (Doc. 114.)

**IT IS FURTHER ORDERED awarding** Leprino $2,415.00 in reasonable attorneys' fees.

Dated this 15th day of July, 2019.

_____
Honorable Stephen M. McNamee
Senior United States District Judge