# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer, | No. CV-1:16-1091-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Leprino Foods Company, Inc., | |
| Defendant. | |

Before the Court is Plaintiff Brandy Brewer's ("Brewer") Motion for New Trial. (Doc. 120.) Defendant Leprino Foods Company, Inc. ("Leprino") filed its Opposition (Doc. 127), and Brewer filed her Reply in support (Doc. 129). After review and consideration, the Court will deny Brewer's motion.

## I. BACKGROUND

On April 25, 2016, Brewer filed her Complaint, alleging four causes of action against her former employer, Leprino: (1) wrongful discharge in violation of the public policies articulated in California Labor Code § 1102.5, California Government Code § 12940, and the Family and Medical Leave Act; (2) gender discrimination in violation of Cal. Gov't Code § 12940(a); (3) failure to take reasonable steps to prevent discrimination in the workplace in violation of Cal. Gov't Code § 12940(k); and (4) intentional infliction of emotional distress. (Doc. 1 at 14, 17-19.)

Leprino filed a motion for summary judgment on December 15, 2017. (Doc. 33.) The Court granted in part and denied in part Leprino's motion, dismissing Brewer's causes of action for wrongful discharge in violation of the public policy articulated in Cal. Labor

Code § 1102.5 and intentional infliction of emotional distress. (Doc. 36 at 16.) Then, in a November 13, 2018 Order, the Court granted Leprino's motion for summary judgment on the issue of punitive damages. (Doc. 44 at 15.)

On February 6, 2019, a Final Pretrial Conference was held in this matter. (Doc. 76.) At the hearing, the Court ruled on the parties' motions in limine, including granting Leprino's Motion in Limine No. 2 to preclude evidence of an alleged romantic relationship between Leprino employees Jennifer Miranda ("Miranda") and Oscar Martinez ("Martinez"). (Id. at 1-2.) In addition, the Court took under advisement Leprino's Motion in Limine No. 1 and ordered simultaneous supplemental briefing on the issue. (Id. at 2-3.) In ruling on Leprino's Motion in Limine No. 1, the Court found, inter alia, that Brewer failed to allege a cause of action for wrongful discharge in violation of the public policy embodied in Cal. Gov't Code § 12940(h). (Doc. 85 at 7.)

A jury trial was held in this matter on April 1, 2019 through April 10, 2019. (Docs. 96-99, 101, 104-06.) The jury returned a verdict in favor of Leprino. (Docs. 106, 110.)

Brewer filed the instant motion on May 9, 2019, moving for a new trial and requesting that the Court alter or amend its previous rulings. (Doc. 120.) The motion is now ripe for review.

## II. LEGAL STANDARD

### A. Motion for New Trial

"The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Although Rule 59 does not specify the grounds on which a new trial may be granted, "the court is bound by those grounds that have been historically recognized." Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (internal quotations and citation omitted). A court may order a new trial if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001)

(internal quotations and citation omitted). A new trial may also be warranted where erroneous evidentiary rulings "substantially prejudiced" a party. Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995) (internal quotations and citation omitted). Further, a courts failure to provide adequate jury instructions may also provide a basis for a new trial unless the error was harmless. See Watson v. City of San Jose, 800 F.3d 1135, 1140-41 (9th Cir. 2015); see also Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990).

In determining whether a new trial is warranted, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Landes Const. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987) (citation omitted). However, "a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." Id. (internal quotations and citation omitted).

**B. Motion to Alter or Amend Judgment**

A court may alter, amend, or reconsider its previous judgment, including a grant of summary judgment, pursuant to Federal Rule of Civil Procedure 59(e). See Fed. R. Civ. P. 59(e); Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., et al., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 59(e), reconsideration is appropriate if: (1) there is an intervening change in controlling law; (2) the court is presented with newly discovered evidence; or (3) the court committed clear error and its decision was manifestly unjust. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing Sch. Dist. No. 1J, Multnomah Cty., Or., 5 F.3d at 1263). Evidence is newly discovered if it was previously unknown or unavailable during the original proceeding. See S.E.C. v. Platforms Wireless Intern. Corp., 617 F.3d 1072, 1100 (9th Cir. 2010) (citing Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985)).

Motions for reconsideration are generally disfavored and should be granted only in rare circumstances. Defs. of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

Such motions should not be used to ask a court "'to rethink what the court had already thought through – rightly or wrongly.'" Id. (citation omitted).

A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original) (citing 389 Orange St. Partners, 179 F.3d at 665). In addition, motions for reconsideration may not be used to relitigate old matters. Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Bussie v. Boehner, No. CV 14-0127-PHX-RCB (DKD), 2014 WL 6630155, at *1 (D. Ariz. Nov. 21, 2014) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988)).

### III. DISCUSSION

Pursuant to Rule 59(a) and (e), Brewer moves for a new trial or for the Court to alter or amend its previous Orders based upon the following: (1) the Court erred in dismissing Brewer's claims of wrongful discharge in violation of the public policies embodied in Cal. Labor Code § 1102.5 and Cal. Gov't Code § 12940(h) ("Brewer's Retaliation Claims"); (2) the Court erred in granting summary judgment on the issue of punitive damages; (3) the Court erred in precluding evidence of an alleged romantic relationship; (4) the Court erred in precluding as hearsay a prior inconsistent statement; (5) the Court erred in denying Brewer's request for a mistrial based upon Leprino's Golden Rule violation; and (6) the Court erred in denying Brewer's request for a same-sex gender discrimination jury instruction. (Doc. 120 at 5-15.) The Court addresses each ground in turn.

**A. Ground No. 1: Brewer's Retaliation Claims**

Pursuant to Rule 59(e), Brewer moves the Court to alter or amend its decision that dismissed Brewer's causes of action for wrongful discharge in violation of the public

policies embodied in Cal. Labor Code § 1102.5 and Cal. Gov't Code § 12940(h). (Doc. 120 at 2, 5, 7-9.)

### i. California Labor Code § 1102.5

Brewer first argues that the Court erred in dismissing her § 1102.5 claim because she presented sufficient evidence at trial to establish that she engaged in a protected activity under § 1102.5. (Doc. 120 at 5, 7-9.) Brewer, however, fails to set forth a proper basis under Rule 59(e) for the Court to alter or amend its decision. See 389 Orange St. Partners, 179 F.3d at 665. Brewer presents no evidence of an intervening change of controlling law. Nor does Brewer argue that the evidence presented at trial constitutes newly discovered evidence. In fact, the evidence that Brewer presented at trial could not constitute newly discovered evidence because it was available to Brewer earlier in the litigation. See Platforms Wireless Intern. Corp., 617 F.3d at 1100 (stating evidence is "newly discovered" if it was previously unknown or unavailable during the original summary judgment proceeding). That is, the Court set the dispositive motions deadline *after the close of discovery* so that the parties had access to all available evidence prior to filing dispositive motions. As such, any evidence that Brewer presented at trial was available at the summary judgment stage and should have been presented at that time. See Kona Enters., Inc., 229 F.3d at 890 (finding a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation"). Brewer further fails to demonstrate how the Court's Order was in error or manifestly unjust. Therefore, the Court will not reconsider its decision based upon Brewer's newly presented evidence at trial.

Brewer also argues that the Court erred because the evidence submitted at summary judgment was sufficient to raise a genuine issue of material fact as to whether she engaged in a protected activity under § 1102.5. (Doc. 120 at 8-9.) In support, Brewer resubmits her summary judgment evidence and reiterates the same arguments that she set forth in her opposition to Leprino's motion for summary judgment. (Id.) Again, the Court finds that this is an improper basis for a motion under Rule 59(e). Because Brewer's argument

amounts to nothing more than a mere disagreement with the Court's summary judgment decision and a request to relitigate the issue of whether her conduct constituted a protected activity, the Court will not grant Brewer's motion on this ground. See Exxon Shipping Co., 554 U.S. at 485 n.5 (stating motions for reconsideration may not be used to relitigate old matters); see also Bussie, 2014 WL 6630155, at *1 (citing Leong, 689 F. Supp. at 1573) (finding disagreement with court order is an insufficient basis for reconsideration).

### ii. California Government Code § 12940(h)

Next, Brewer argues that the Court erred in precluding her wrongful discharge in violation of § 12940(h) claim from going to the jury. (Doc. 120 at 7.)

In a March 14, 2019 Order, which ruled on Leprino's Motion in Limine No. 1, the Court found that Brewer did not have a viable cause of action for wrongful discharge in violation of the public policy embodied in § 12940(h), reasoning that Brewer failed to tether her wrongful discharge claim to the specific provision of California's Fair Employment and Housing Act that prevents retaliatory discharges – i.e., § 12940(h) – and failed to plead a stand-alone retaliation cause of action under § 12940(h). (Doc. 85 at 6-7.) Although Brewer continues to raise the issue in apparent disregard for the Court's Order on this issue, in fact, Brewer *never* pled a cause of action for wrongful discharge in violation of the public policy articulated in § 12940(h). Therefore, the Court will not reconsider its decision on this basis.

### B. Ground No. 2: Punitive Damages

Pursuant to Rule 59(e), Brewer moves the Court to alter or amend its summary judgment decision that struck punitive damages from the case. (Doc. 120 at 2, 9-10 (referring to Doc. 44 at 15).) Brewer contends the decision was error because her summary judgment evidence was sufficient to establish that Kes Anderson ("Anderson") qualified as a managing agent for purposes of imposing punitive damages. (Id. at 10.) In support, Brewer resubmits her summary judgment evidence, arguing the evidence demonstrates that Anderson had the ability to affect corporate policy because he "was the HR Manager in

charge of thousands of employees"[1] and had the authority to hire and recommend terminations. (Id.)

Here, the Court finds that Brewer fails to set forth a proper basis for the Court to alter or amend its decision under Rule 59(e). See 389 Orange St. Partners, 179 F.3d at 665. Brewer summarily argues that the Court's decision was in error without demonstrating how the Court erred. Again, Brewer's argument amounts to a mere disagreement with the Court's interpretation of her summary judgment evidence. See Bussie, 2014 WL 6630155, at *1 (citing Leong, 689 F. Supp. at 1573) (finding disagreement with court order is an insufficient basis for reconsideration). Therefore, the Court will not alter or amend its decision on this basis.

**C. Ground No. 3: Evidence of an Alleged Romantic Relationship**

Brewer moves the Court for a new trial pursuant to Rule 59(a) and (e), contending that the Court erred in precluding evidence of an alleged romantic relationship between Miranda and Martinez. (Doc. 120 at 10-11.) Specifically, Brewer contends that the Court should have permitted Brewer to testify that she observed Miranda and Martinez on April 20, 2014 in the office in a compromising position because the evidence is probative of gender discrimination. (Id. at 11.) In support, Brewer cites Proksel v. Gattis, 41 Cal. App. 4th 1626, 1631 (1996) and Nielsen v. Trofholz Techs., Inc., 750 F. Supp. 2d 1157, 1165 (E.D. Cal. 2010) for the proposition that although evidence of a romantic relationship in itself is not probative of gender discrimination, a romantic relationship with more can be probative of gender discrimination. (Doc. 129 at 4-5.) Brewer argues that the evidence should have been admitted because Brewer's observation was "one instance among numerous instances showing Ms. Miranda's discriminatory acts toward Plaintiff because of her gender." (Doc. 129 at 5.)

Here, the Court finds that the evidence was properly excluded. While evidence of

---

[1] Contrary to Brewer's assertion, the Court notes that this evidence was not before the Court on summary judgment. Upon review of the record, Brewer did not present evidence that Anderson was "in charge of thousands of employees at the Lemoore West Facility." (Doc. 120 at 10.) Regardless, this evidence would not alter the Court's analysis as Brewer failed to establish *how* Anderson affected corporate policy in this role. (See Doc. 44 at 7.)

an affair could be probative of gender discrimination if accompanied by additional evidence, the additional evidence in this case was inadmissible because it was based upon rumors and speculation. (See Doc. 47 at 20, 29, 34.) In fact, the only two individuals who would have had personal knowledge of the affair, denied under oath the affair's existence. (Id. at 3, 48; Doc. 140 at 47.) Any additional evidence would have lacked personal knowledge and would have been inadmissible hearsay. Because there was no additional admissible evidence of a romantic relationship, Brewer's observation alone would not be probative of gender discrimination and would be inadmissible. See Proksel, 41 Cal. App. 4th at 1631; Nielsen, 750 F. Supp. 2d at 1165. In addition, any probative value of the observation would be substantially outweighed by a danger of unfair prejudice to Leprino and a confusion of the issues. For example, the inability of any witness to corroborate the alleged affair would have made a trial within a trial more likely. Accordingly, the Court finds that the evidence was properly excluded pursuant to Federal Rules of Evidence 401 and 403 and a new trial is not warranted on this ground.

### D. Ground No. 4: Prior Inconsistent Statement

Brewer argues that a new trial is warranted under Rule 59(a) and (e) because the Court erred in precluding witness Edgar Vega's ("Vega") prior inconsistent statements as hearsay. (Doc. 120 at 10-11.) Brewer states that the Court should have permitted witness Tiffany Labuga ("Labuga") to testify that Vega told her that he did not write the July 9, 2014 statement, which admitted that Vega saw someone on top of the palletizer on that date. (Id. at 11 (discussing Defendant's Exhibit 232); see Doc. 127-1 at 32.) Brewer contends that the statement was admissible nonhearsay under Federal Rules of Evidence 613(b) and 801(d)(1)(A). (Doc. 120 at 11.)

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Excluded from the rule against hearsay are prior inconsistent statements under Rule 801(d)(1)(A). A prior inconsistent statement is substantively admissible as nonhearsay if the statement was made under oath, the statement is inconsistent with the declarant's testimony, and the declarant is subject to cross-

examination. Fed. R. Evid. 801(d)(1)(A). A prior inconsistent statement may also be admissible under Rule 613(b). Fed. R. Evid. 613(b). Under Rule 613(b), a prior inconsistent statement is admissible for impeachment purposes only if the statement was not made under oath and if the declarant is given an opportunity to explain or deny the statement. Id.

Here, the Court did not err in precluding Vega's prior statement as hearsay. First, Brewer attempted to improperly introduce Vega's prior inconsistent statement for the truth of the matter asserted through Labuga, a collateral source. Because Brewer called Vega as a witness prior to calling Labuga, Brewer should have questioned Vega about the statement first, prior to questioning Labuga. In fact, the door was opened at least five times during Vega's testimony for Brewer to ask him about the statement. (See Doc. 127-1 at 56-57, 66-68.) However, Brewer failed to take advantage of the opportunities, and instead attempted to introduce the statement through Labuga, which is improper under Rule 801(d)(1)(A).

Brewer also attempted to admit the statement for the truth of the matter asserted without establishing that the statement was made under oath. Because a prior statement can only be substantively admitted if it was made under oath, Brewer could not have admitted the statement for the truth of the matter without first establishing that the statement was made under oath. At most, the statement could have been admitted only for impeachment purposes under Rule 613(b).

To properly admit the statement under either Rule 801(d)(1)(A) or Rule 613(b), Vega must be subject to cross-examination or given an opportunity to explain or deny the statement. Although Brewer could not have fulfilled either of these requirements by introducing the statement through Labuga, Brewer could have satisfied the requirements by recalling Vega as a rebuttal witness. The Court provided Brewer the opportunity to call rebuttal witnesses. However, Brewer chose not to pursue the matter and declined the opportunity to recall Vega, or any witness, on rebuttal. (Doc. 137 at 19.) Thus, Brewer was not substantially prejudiced by the exclusion of the evidence as Brewer did not attempt to properly introduce the statement later in the trial. See Ruvalcaba, 64 F.3d at 1328.

Nevertheless, the Court has the discretion to control the presentation of evidence

under Rule 611. See Fed. R. Evid. 611(a). Thus, the Court properly precluded Brewer from introducing the statement through Labuga where Brewer had the opportunity to first introduce the statement through Vega. Therefore, the Court finds that the statement was properly excluded hearsay evidence, and the Court will not grant a new trial on this ground.

### E. Ground No. 5: Leprino's Golden Rule Violation

Pursuant to Rule 59(a) and (e), Brewer contends that a new trial is warranted because of Leprino's misconduct during closing argument. (Doc. 120 at 11-14.) Specifically, Brewer argues a new trial is warranted because Leprino violated the Golden Rule by improperly commenting on Joint Exhibits 5 and 6 – i.e. the reports that first recommended Brewer's suspension and later recommended Brewer's termination. (Id.)

In an unpublished opinion, the Ninth Circuit defined the "Golden Rule" as a "suggestion to the jury by an attorney that the jurors should do unto others . . . as they would have others do unto them." Minato v. Scenic Airlines, Inc., 908 F.2d 977, at *5 (9th Cir. 1990). Although Golden Rule arguments most commonly arise in the context of criminal trials, they also arise in civil trials. See Howard v. Connett, No. 2:11-cv-01402-RFB-GWF, 2017 WL 4682300, at * 3 (D. Nev. Oct. 17, 2017) (citing Fields v. Woodford, 309 F.3d 1095 (9th Cir. 2002)); see generally Minato, 908 F.2d 977; Roman v. MSL Capital, LLC, No. EDCV 17-2066 JGB (SPx), 2019 WL 1449499 (C.D. Cal. Mar. 29, 2019). In civil litigation, "[t]he typical situation in which such an argument has been employed is the personal injury case in which the plaintiff's counsel suggests to the jurors that they grant the plaintiff the same amount of damages they would want or expect if they were in the plaintiff's shoes." Minato, 908 F.2d 977, at *5.

The majority of circuit courts prohibit Golden Rule arguments on the issue of damages. See e.g., Johnson v. Celotex Corp., 899 F.2d 1281, 1289 (2d Cir. 1990); Stokes v. Delcambre, 710 F.2d 1120, 1128 (5th Cir. 1983); Shultz v. Rice, 809 F.2d 643, 651-52 (10th Cir. 1986); McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1071 n.3 (11th Cir. 1996). However, some circuit courts also prohibit Golden Rule arguments on the issue of liability. See e.g., Edwards v. City of Philadelphia, 860 F.2d 568, 574 n.6 (3d Cir. 1988);

Caudle v. District of Columbia, 707 F.3d 354, 359-60 (D.C. Cir. 2013). The Ninth Circuit has not explicitly addressed this issue.

Here, Brewer contends Leprino violated the Golden Rule by asking the jurors to place themselves in the position of the parties in stating:

> I ask you to do this. Those of you who have prepared drafts, who have prepared reports, who have been responsible for preparing final recommendations, I ask you to consider this: What if you were scrutinized on your first draft? How would that look? What if your first draft is the draft you were brought in court to explain? The first draft is just that, it's a first draft.

(Doc. 120 at 13-14.) The Court finds that Leprino's comment did not clearly violate the Golden Rule. In the context of Leprino's closing argument, it appears that Leprino did not intend to improperly influence the jury. Instead, Leprino attempted to offer a reasonable explanation for the disparity in the two reports. Although somewhat inartfully articulated, the Court understood this comment as an attempt to remind the jury that, during the writing process, all documents are drafts until a policymaker decides otherwise. The comment was merely an indirect appeal to the jurors to apply their common sense to the facts of this case. Therefore, although the objected to comment was sustained, the comment did not amount to a violation of the Golden Rule.

Brewer also argues that Leprino violated the Golden Rule because Leprino improperly asked the jurors to place themselves in the position of the parties regarding the issue of liability. (Doc. 129 at 8.) Brewer contends that the disparity in the reports is evidence of pretext – a necessary element to establish liability for her causes of action. (Id. at 9.) In fact, during her closing argument, Brewer stated: "Doyle . . . says to Mr. Anderson and Tuttrup . . . we have determined it's a termination action recommendation. Within two hours of Brandy's e-mail. That's why she got fired. Miranda started this process, and when she complained about Miranda in writing, they're like, whoa, we've got to get rid of her. That's there." (Doc. 137 at 148.) However, in arguing that she was terminated for filing a harassment claim, Brewer operates under the assumption that she has a viable cause of action for retaliation. As the Court has continuously stated, Brewer did not have a viable

- 11 -

cause of action for retaliation – that is, the Court dismissed at summary judgment Brewer's claim for wrongful discharge in violation of the public policy articulated in Cal. Labor Code § 1102.5 and the Court found in a March 14, 2019 Order that Brewer failed to plead a cause of action for wrongful discharge in violation of the public policy articulated in Cal. Gov't Code § 12940(h). (Docs. 36 at 16; 85 at 7.) Thus, Leprino's comment was not directed at the ultimate issue of liability with respect to retaliation. Nor was Leprino's comment directed at the ultimate issue of liability regarding the remaining causes of action. While Leprino's comment about the reports was relevant to Brewer's termination generally, it was not probative of whether she was terminated because of her gender or use of FMLA leave, the main issues before the jury. Thus, the Court finds that Leprino did not violate the Golden Rule because the comment was not directed at the issue of liability.

Even assuming, arguendo, that Leprino did violate the Golden Rule, Leprino's conduct did not constitute reversible error.

A new trial may be granted where the "flavor of misconduct [] sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." Kehr v. Smith Barney, Harris Upham & Co., 736 F.2d 1283, 1286 (9th Cir. 1984) (internal quotations omitted) (quoting Standard Oil Co. of Cal. v. Perkins, 347 F.2d 379, 388 (9th Cir. 1965). In evaluating the possible prejudice from attorney misconduct, courts consider "the totality of circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1193 (9th Cir. 2002) (internal quotations omitted) (quoting Puerto Rico Aqueduct & Sewer Auth. v. Constructora Lluch, Inc., 169 F.3d 68, 82 (1st Cir. 1999); Cooper v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1107 (9th Cir. 1991) (declining to find reversible error where "the alleged misconduct occurred only in the argument phase of the trial . . . the remarks were isolated rather than persistent, . . . most of counsel's comments were not objected to at trial and appellants did not move for a mistrial at the end of the

argument")). Where "'offending remarks occurred principally during opening statement and closing argument, rather than throughout the course of trial,' [courts] are less inclined to find the statements pervaded the trial and thus prejudiced the jury." Settlegoode v. Portland Pub. Schs., 371 F.3d 503, 518-20 (9th Cir. 2004) (citation omitted) (finding trial court abused its discretion in granting a motion for new trial where "most of counsel's statements were limited to his closing argument" and "there was more than sufficient evidence for the jury to find in [prevailing party's] favor").

While the parties fail to cite the applicable standard in the Ninth Circuit, the parties cite Caudle v. District of Columbia, 707 F.3d 354, 361 (D.C. Cir. 2013) for the similar proposition that a Golden Rule violation is not per se reversible error. According to Caudle, a new trial is not warranted where a Golden Rule violation is harmless. Id. A Golden Rule violation is harmless where "(1) the case is not close, (2) the issue not central, or (3) effective steps were taken to mitigate the effects of the error." Id.

Here, Brewer contends that Leprino's misconduct was not harmless because the "case was very close." (Doc. 129 at 8.) In support, Brewer states "there was direct evidence of Ms. Miranda's motive to terminate Plaintiff as a result of her gender and as a result of her using her FMLA leave." (Id. at 8-9.) The Court disagrees. At the summary judgment stage, the Court found a genuine issue of material fact in Brewer's favor after construing all evidence in the light most favorable to Brewer. However, after listening to all the trial testimony, assessing witness credibility, and viewing the evidence at trial, the Court finds that the overwhelming weight of evidence supported a verdict in Leprino's favor. See Landes Const. Co., 833 F.2d at 1371 (stating that a "judge can weigh the evidence," "assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party" in determining whether to grant a new trial). Thus, the Court is convinced that, despite Leprino's comment, the jury reached its verdict based upon the evidence.

Brewer also argues that Leprino's misconduct was not harmless because Leprino's comments were directed at the main issue in this case. (Doc. 129 at 9.) Specifically, Brewer

states that "[t]he crux of this case is the validity of Defendant's termination of Plaintiff and the two reports are evidently of the utmost significance where one report recommends suspension and the other recommends termination." (Id.) However, Leprino's comments were not directed towards the main issue in this case. The two issues before the jury were whether Brewer was terminated because of her gender and use of FMLA leave. Although the reports were generally relevant to Brewer's termination, the reports were not probative of either issue before the jury. Accordingly, the Court finds that Leprino's comments were not directed at the main issue in this case.

Further, Brewer contends that a new trial is warranted because the Court did not effectively mitigate prejudice resulting from Leprino's comment. (Doc. 129 at 10.) However, the Court finds that the resulting prejudice, if any, was minimal and effectively cured. First, Leprino's alleged misconduct did not permeate the trial. On the contrary, the alleged misconduct consisted of one misstatement during closing argument. Accordingly, any resulting prejudice was minimal as Leprino's single misstatement was contained to its closing argument. See Settlegoode, 371 F.3d at 518. Moreover, Brewer invited comment on the discrepancy in Leprino's reports during her closing argument. (See Doc. 137 at 147-48.) Although Leprino's comment may have run afield, Brewer opened the door to Leprino explaining the discrepancy in the reports. (Id. at 122, 147-48.) Thus, the prejudice, if any, was minimal.

Brewer argues, however, that the resulting prejudice was substantial and warranted a curative instruction pursuant to Caudle. (Doc. 129 at 10.) In Caudle, the court found the district court's attempt to mitigate prejudice resulting from trial counsel's misconduct was not easily cured by sustaining objections and providing a curative instruction. 707 F.3d at 363. Specifically, the court found the prejudice was not easily cured where "counsel made *four* impermissible statements – each escalating from the last – three of which came after the district court had sustained . . . objections." Id. (emphasis in original). The Court first notes that while Caudle is instructive, it is not binding precedent. Second, unlike in Caudle, any prejudice resulting from Leprino's misstatement was easily cured and did not warrant

a curative instruction. Leprino's comment consisted of one misstatement during closing argument. Brewer promptly objected to the misstatement, and the Court sustained the objection. Leprino ceased further arguments on the point after the Court sustained Brewer's objection. Then, after closing arguments, Brewer moved for a mistrial. The Court heard arguments on the motion and, considering Leprino's comment in context, found that the comment was not so prejudicial as to warrant a curative instruction or a mistrial. Instead, the Court found appropriate an instruction that informed the jurors that arguments of counsel are not evidence. (Doc. 138 at 13.) Moreover, the Court instructed the jury: "Arguments and statements by lawyers are not evidence. The lawyers are not witnesses, and what they have said in their opening statements, closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence." (Id. at 20.) In fact, the Court provided this instruction on at least two, separate occasions – one of which occurred after closing arguments. Accordingly, the Court finds that any resulting prejudice from Leprino's single misstatement during closing argument was minimal and easily cured.

Therefore, under both the standard laid out by the Ninth Circuit and Caudle, the Court finds that any alleged error was harmless because the overwhelming weight of evidence supported a verdict in favor of Leprino, Leprino's comment was not probative of the main issues before the jury, and any prejudice resulting from Leprino's comment was minimal and effectively cured. Accordingly, the Court finds that a new trial is not warranted on this basis.

### F. Ground No. 6: Same-Sex Gender Discrimination Jury Instruction

Brewer argues that a new trial is warranted pursuant to Rule 59(a) and (e) because the Court erred in refusing to give a special jury instruction on same-sex gender discrimination. (Doc. 120 at 14.) Brewer requested that the Court instruct the jury: "Gender discrimination can be established through evidence that a female was motivated by general hostility to the presence of women in the workplace. Discrimination can take place between members of the same sex, not merely between members of the opposite sex." (Id.) Leprino argues that the special jury instruction was unnecessary because the "Court properly

instructed the jury on the elements of gender discrimination." (Doc. 127 at 22.)

Erroneous jury instructions and the failure to give adequate instructions, are grounds for a new trial unless the error is harmless. Watson, 800 F.3d at 1140-41. The Ninth Circuit reviews jury instructions as a whole to determine whether they were misleading or inadequate. Browning v. United States, 567 F.3d 1038, 1041 (9th Cir. 2009).

Here, the Court finds that it did not err in denying Brewer's request for a same-sex gender discrimination instruction. Read as a whole, the jury instructions make clear that the law prohibits gender discrimination regardless of the actor. Pursuant to the Judicial Council of California Civil Jury Instructions ("CACI"), the Court instructed the jury that to prove gender discrimination, "Ms. Brewer must prove all of the following by a preponderance of the evidence . . . [t]hat Brewer's gender was a substantial motivating reason for Leprino's decision to discharge her; . . . [t]hat Brewer was harmed; and . . . [t]hat Leprino's conduct was a substantial factor in causing Brewer's harm." (Doc. 138 at 25-26.) CACI No. 2500. The jury was also instructed that even if Leprino's decisionmakers "did not hold any unlawful intent, Leprino may still be liable for discrimination and/ or wrongful termination if Brewer proves . . . [t]hat Brewer's gender and/ or protected leave was a substantial motivating reason for Jennifer Miranda's report to Brewer's alleged safety violation" and "[t]hat Jennifer Miranda's report was a substantial motivating reason for Mr. Tuttrup's decision to discharge Brewer." (Doc. 138 at 26.) CACI No. 2511. The final jury instructions not only identified the elements necessary for Brewer to establish gender discrimination, but the instructions also advised the jury that they could find Miranda was a discriminatory actor. Accordingly, because the requested instruction was adequately covered by the final jury instructions, the Court finds that the same-sex gender discrimination instruction was unnecessary. Therefore, the Court finds that it did not err in refusing to give Brewer's requested jury instruction and a new trial is not warranted based upon this ground.

**IV. CONCLUSION**

Pursuant to Rule 59(a) and (e), Brewer moves for a new trial and for the Court to

alter or amend its pretrial and trial rulings. (Doc. 120.) After review and consideration, the Court finds that a new trial is not warranted and will not reconsider its prior Orders.

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff Brandy Brewer's Motion for New Trial. (Doc. 120.)

Dated this 15th day of July, 2019.

_____
Honorable Stephen M. McNamee
Senior United States District Judge