# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandy Brewer,<br><br>  Plaintiff,<br><br>v.<br><br>Leprino Foods Company, Inc.,<br><br>  Defendant. | No. CV-1:16-1091-SMM<br><br>**ORDER** |

Before the Court is Defendant Leprino Foods Company, Inc.'s ("Leprino") Bill of Costs. (Doc. 116.) Plaintiff Brandy Brewer ("Brewer") filed Objections to Leprino's Bill of Costs. (Doc. 118.) On May 3, 2019, Leprino filed a Request for Hearing on Bill of Costs, requesting that the Court schedule a telephonic hearing and issue a briefing schedule for Leprino to file a Response to Brewer's Objections. (Doc. 119 at 1-2.) In a May 14, 2019 Order, the Court stayed the issue of Leprino's Bill of Costs pending the resolution of Brewer's Motion for New Trial and denied without prejudice Leprino's request for a hearing. (Doc. 123 at 1-2.)

Having ruled on Brewer's Motion for New Trial, Leprino's Bill of Costs is now ripe for review. In addition, because neither a telephonic hearing nor a Response to Brewer's Objections will aid the Court's review, the Court denies Leprino's Request for Hearing on Bill of Costs (Doc. 119). L.R. 292(d) ("The parties *may* request a hearing, in person or by telephone conference call, and the Clerk shall schedule the hearing *as needed*.") (emphasis added).

## I. BACKGROUND

Brewer filed her Complaint on April 25, 2016, alleging four causes of action against her former employer, Leprino: (1) wrongful discharge in violation of the public policies articulated in Cal. Labor Code § 1102.5, Cal. Gov't Code § 12940, and the Family and Medical Leave Act ("FMLA"); (2) gender discrimination in violation of Cal. Gov't Code § 12940(a); (3) failure to take reasonable steps to prevent discrimination in the workplace in violation of Cal. Gov't Code § 12940(k); and (4) intentional infliction of emotional distress. (Doc. 1 at 14, 17-19.)

Leprino filed a motion for summary judgment on December 15, 2017. (Doc. 33.) The Court granted in part and denied in part Leprino's motion, dismissing Brewer's causes of action for wrongful discharge in violation of the public policy articulated in Cal. Labor Code § 1102.5 and intentional infliction of emotional distress. (Doc. 36 at 16.)

A jury trial was held in this matter on April 1, 2019 through April 10, 2019. (Docs. 96-99, 101, 104-06.) The jury returned a verdict in favor of Leprino, finding Brewer was not discharged based on her gender or her use of FMLA leave. (Docs. 106; 110 at 1-2.)

Following the trial, Leprino filed its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (Doc. 116.) Leprino seeks to recover $13,883.63 for the costs associated with litigating the instant matter. (Id. at 1.) Brewer filed her Objections to Leprino's Bill of Costs on May 1, 2019, requesting that the Court deny assessing costs in this case. (Doc. 118 at 2, 7.)

## II. LEGAL STANDARD

Pursuant to Rule 54, costs should be allowed to a prevailing party unless a statute or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Title 28, Section 1920 of the United States Code delineates the costs that a prevailing party may recover. 28 U.S.C. § 1920. In addition, Local Rule 292(a) for the Eastern District of California prescribes that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920." Accordingly, the clerk of court may tax as costs: "[f]ees of the clerk and marshal"; "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case";

"[f]ees and disbursements for printing and witnesses"; "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; and "[d]ocket fees." 28 U.S.C. § 1920; see also L.R. 292(f).

Rule 54 "creates a presumption in favor of awarding costs to a prevailing part, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000). This discretion is not unlimited. Id. "A district court must specify reasons for its refusal to award costs." Id. (internal quotations and citations omitted). Courts have approved the following reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014). "[A] losing party need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a 'starting point for analysis.'" Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting Escriba, 743 F.3d at 1248).

### III. DISCUSSION

Brewer objects to Leprino's Bill of Costs, requesting that the Court deny assessing costs in this matter. (Doc. 118 at 2, 7.) Brewer contends that the Court should not assess costs because her suit was not meritless, she has limited financial resources, and she would be unable to pay any costs assessed by the Court. (Id. at 3, 5-7.) Brewer further argues that Leprino's Bill of Costs contains items that are excessive and unreasonable.[1] (Id. at 5.) Although Brewer does not address all the factors delineated in Escriba, the Court finds that the totality of the Escriba factors weigh against assessing costs in this case.

First, Brewer does not address the substantial public importance of the instant case.

---

[1] Brewer objects to Leprino's request to recover the cost of Brewer's deposition transcripts, arguing that the cost is excessive because it was the subject of Leprino's motion for sanctions. (Doc. 118 at 5.) Brewer further contends that "the Court held on the last day of trial that sanctions and costs would be denied on that issue." (Id.) However, the Court's statement at trial was not a ruling on Leprino's Bill of Costs. Instead, the Court's statement was a ruling on an outstanding sanctions motion that had been deferred until the end of trial. Thus, Brewer's argument is without merit.

- 3 -

However, the Ninth Circuit has found that individual FMLA cases can be of substantial public importance because they "protect[ ] vital civil rights for women in the work place." Escriba, 743 F.3d at 1248 (alteration in original); see also Draper, 836 F.3d at 1087 (discussing Escriba, 743 F.3d at 1248-49). Because Brewer brought a cause of action alleging that her discharge was wrongful in violation of the public policy embodied in the FMLA, the Court finds that this case raised issues of substantial public importance and this factor weighs against assessing costs.

Brewer continuously argues the closeness of this case, pointing to the fact that she successfully defeated Leprino's motion for summary judgment and motion for judgment as a matter of law. (Doc. 118 at 4.) However, as the Court noted in its Order that ruled on Brewer's Motion for New Trial:

> At the summary judgment stage, the Court found a genuine issue of material fact in Brewer's favor after construing all evidence in the light most favorable to Brewer.[2] However, after listening to all the trial testimony, assessing witness credibility, and viewing the evidence at trial, the Court finds that the overwhelming weight of evidence supported a verdict in Leprino's favor.

(Doc. 142 at 13.) Thus, this factor weighs in favor of assessing costs.

Further, Brewer does not address the chilling effect, if any, that imposing costs would have on future civil rights actions or actions brought under the FMLA. Although the $13,883.63 that Leprino seeks to recover "might be considered modest when compared to amounts sought in other, larger cases, even modest costs can discourage potential plaintiffs who … earn low wages" from filing suit. Escriba, 743 F.3d at 1249. Imposing $13,883.63 against Brewer would likely dissuade potential litigants from filing future civil rights or FMLA suits. This factor weighs against imposing costs.

Next, Brewer contends that she is "a person of very limited income" and would be unable to pay any costs assessed against her. (Doc. 118 at 7.) "Indigency is a factor that the district court may properly consider in deciding whether to award costs." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citing Nat'l Org. for Women v. Bank of

---

[2] The same standard applied at the conclusion of Brewer's case under Rule 50. See Fed. R. Civ. P. 50.

Cal., 680 F.2d 1291, 1294 (9th Cir. 1982)). The relevant inquiry in determining whether to deny costs based on indigency is whether an individual "would be rendered indigent should she be forced to pay" the costs assessed. Id. at 1080. At the time Leprino filed its Bill of Costs, Brewer states she was earning approximately $1,200.00 per month, which equates to $14,400.00 per year.[3] (Doc. 118-1 at 2.) Brewer also attests that she is a single mother and the sole provider for herself and her three children. (Id. at 1-2.) Because the costs that Leprino seeks almost exceed her yearly earnings, the Court finds that Brewer would likely be rendered indigent should she be forced to pay the costs in this case. See Stanley, 178 F.3d at 1080. Thus, this factor weighs against assessing costs.

Last, the Court declines to address the economic disparity between the parties because it does not have sufficient information to properly weigh this factor.

In conclusion, although Rule 54 allows a prevailing party to recover the costs associated with litigation, the applicable circuit case law considerably modifies this recovery. Therefore, following Ninth Circuit precedent, and based on the totality of the Escriba factors, the Court declines to assess costs in this case because this matter raised issues of substantial public importance, imposing costs on Brewer could have a potential chilling effect on future litigants, and Brewer would likely be rendered indigent should she be required to pay the costs in this case.

### IV. CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED denying** Leprino's Bill of Costs (Doc. 116) and declining to assess costs against Brewer in this matter.

///
///
///
///
///

---

[3] $1,200.00 /month x 12 months = $14,400.00 /year.

1     **IT IS FURTHER ORDERED sustaining** Brewer's Objections to Leprino's Bill of Costs. (Doc. 118.)

Dated this 15th day of August, 2019.

_____
Honorable Stephen M. McNamee
Senior United States District Judge